RECORD NO.

# 14-2396

In The

# United States Court of Appeals

## For The Second Circuit

**PETER MARES,**

*Plaintiff – Appellant,*

**v.**

**UNITED STATES OF AMERICA, United States Customs and Border Protection, Jeh Charles Johnson, Secretary of the Department of Homeland Security, Steven Bunnell, General Counsel of the Department of Homeland Security, Scott K. Falk, Chief Counsel of the Customs and Border Protection Agency, Kevin K. McAleenan, Deputy Commissioner of the Customs and Border Protection Agency, J. Bell, Border Patrol Agent, Z. Mevior, Border Patrol Agency, M. Dion, Border Patrol Agent, John and Jane Doe 1 through 10,**

*Defendants – Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COUT FOR THE WESTERN DISTRICT OF NEW YORK AT ROCHESTER**

————————

**JOINT APPENDIX**

————————

Jose E. Perez
LAW OFFICES OF JOSE PEREZ, P.C.
120 East Washington Avenue, Suite 925
Syracuse, New York 13202
(315) 422-5673

Joseph J. Karaszewski
U.S. ATTORNEY'S OFFICE FOR THE
WESTERN DISTRICT OF NEW YORK
138 Delaware Avenue
Buffalo, New York 14202
(716) 834-5700

*Counsel for Appellant*

*Counsel for Appellees*

# TABLE OF CONTENTS

**Appendix Page**

**Docket Entries** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

**Plaintiff's Complaint,**
**With Exhibits,**
    **filed April 11, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**

    **Exhibits:**

      **1.**    **Civil Cover Sheet**
           **dated April 11, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **26**

      **2.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **27**

      **3.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **29**

      **4.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **31**

      **5.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **33**

      **6.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **35**

      **7.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **37**

      **8.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **39**

      **9.**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **41**

      **10**    **Proposed Summons in a Civil Action**
           **undated** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **43**

**Summons Issued in a Civil Action,**
**With Attachments,**
> **filed April 11, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **45**

> **Attachments:**

> 1.   **Summons in a Civil Action**
> > **dated April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **47**

> 2.   **Summons in a Civil Action**
> > **dated April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **49**

> 3.   **Summons Issued in a Civil Action**
> > **dated April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **51**

> 4.   **Summons in a Civil Action**
> > **dated April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **53**

> 5.   **Summons in a Civil Action**
> > **dated April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **55**

> 6.   **Summons in a Civil Action**
> > **dated April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **57**

**Amended Document**
**Re: Summons in a Civil Action**
> **filed April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **59**

**Summons Issued in a Civil Action**
> **filed April 15, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **61**

**Affidavit of Service,**
**With Attachments,**
> **filed August 20, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **63**

> **Attachments:**

> 1.   **Affidavit of Service**
> > **sworn May 21, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **64**

**Affidavit of Service,**
**With Attachments,**
      **filed August 20, 2013, continued:**

      <u>**Attachments**</u>**, continued:**

        2.     **Affidavit of Service**
              **sworn April 19, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

        3.     **Affidavit of Service**
              **sworn May 14, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

        4.     **Affidavit of Service**
              **sworn May 14, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 67

        5.     **Affidavit of Service**
               **sworn April 19, 2013** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

**Defendants' Notice of Motion**
      **filed April 1, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

**Declaration of Michael S. Cerrone,**
**With Attachment,**
      **filed April 1, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

      <u>**Attachment**</u>**:**

      **Certification**
           **dated March 25, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

**Declaration of Mary E. Flemming**
      **filed April 1, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

**Declaration of Elaine A. Hensley**
      **filed April 1, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

**Declaration of Colleen Garrette**
      **filed April 1, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

**Defendants' Memorandum of Law In Support of Motion to Dismiss**
      **filed April 1, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

**Plaintiff's Memorandum of Law in Opposition to
Defendants' Motion to Dismiss,
With Attachments,**
    **filed April 25, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **105**

    <u>**Attachments:**</u>

        1.    **Attorney's Affirmation**
               **dated April 25, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **126**

        2.    **Certificate of Service**
               **dated April 25, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **131**

**Defendants' Reply Memorandum of
Law In Support of Motion to Dismiss**
    **filed May 16, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **133**

**Reply Declaration of Michael S. Cerrone**
    **filed May 16, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **147**

**Judgment in a Civil Action**
    **filed May 24, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **154**

**Plaintiff's Notice of Appeal**
    **filed June 29, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **156**

**Certificate of Service**
    **filed July 4, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **157**

**Certificate of Service**
    **filed July 4, 2014** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **159**

APPEAL,CLOSED_2014,MEDIATION

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
### CIVIL DOCKET FOR CASE #: 6:13-cv-06187-CJS

| | |
|---|---|
| Mares v. United States et al | Date Filed: 04/11/2013 |
| Assigned to: Hon. Charles J. Siragusa | Date Terminated: 06/06/2014 |
| Cause: 28:2671 Federal Tort Claims Act | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Peter Mares**                                       represented by   **Jose Enrique Perez**
                                                                       120 East Washington Street
                                                                       Suite 925
                                                                       Syracuse, NY 13202
                                                                       315-422-5673
                                                                       Fax: 315-466-5673
                                                                       Email:
                                                                       joseperez@joseperezyourlawyer.com
                                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**                          represented by   **Michael S. Cerrone**
                                                                       U.S. Attorney's Office
                                                                       Federal Centre
                                                                       138 Delaware Avenue
                                                                       Buffalo, NY 14202
                                                                       716-843-5851
                                                                       Fax: 716-551-3196
                                                                       Email: michael.cerrone@usdoj.gov
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**The United States Custom and Border**               represented by   **Michael S. Cerrone**
**Protection**                                                         (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Janet Napolitano**                                  represented by   **Michael S. Cerrone**
*Secretary of the Department of Homeland*                              (See above for address)
*Security*                                                             *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**John Sandweg**
*General Counsel of the Department of*
*Homeland Security*

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alfonso Robles**
*Chief Counsel of the Customs and Border*
*Protection Agency*

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas S. Winkowski**
*Deputy Commissioner of the Customs and*
*Border Protection Agency*

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**J. Bell**
*Border Patrol Agent*

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Z. Mevior**
*Border Patrol Agent*

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**M. Dion**
*Border Patrol Agent*

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John and Jane Does 1-10**

represented by **Michael S. Cerrone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2013 | 1 | COMPLAINT against M. Dion Border Patrol Agent, J. Bell Border Patrol Agent, Z. Mevior Border Patrol Agent, Customs and Border Protection, Department of Homeland Security, John and Jane Does 1-10, Janet Napolitano, Alfonso Robles, John Sandweg, United States, Thomas Winkowski ( Filing fee $ 350 receipt number 0209-1782836.), filed by Peter Mares. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, |

| | | |
|---|---|---|
| | | # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons)(Perez, Jose) (Entered: 04/12/2013) |
| 04/11/2013 | | Hon. Charles J. Siragusa added. (BK) (Entered: 04/15/2013) |
| 04/11/2013 | 2 | Notice of Right to consent to a Magistrate Judge. Notification to Chambers of on-line civil case opening. (BK) (Entered: 04/15/2013) |
| 04/11/2013 | 3 | AUTOMATIC REFERRAL to Mediation. ADR Plan electronically forwarded to attorney. (BK) (Entered: 04/15/2013) |
| 04/11/2013 | 4 | Summons Issued as to M. Dion Border Patrol Agent, J. Bell Border Patrol Agent, Z. Mevior Border Patrol Agent, Janet Napolitano, Alfonso Robles, John Sandweg, Thomas Winkowski. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons)(BK) (Entered: 04/15/2013) |
| 04/15/2013 | 5 | AMENDED DOCUMENT by Peter Mares. Amendment to 1 Complaint,, *Summons to the United States of America*. (Perez, Jose) (Entered: 04/15/2013) |
| 04/15/2013 | 6 | Summons Issued as to United States of America.(BK) (Entered: 04/18/2013) |
| 06/06/2013 | 7 | NOTICE of Appearance by Michael S. Cerrone on behalf of All Defendants (Cerrone, Michael) (Entered: 06/06/2013) |
| 08/20/2013 | 8 | AFFIDAVIT of Service *of M. Dion*, filed by Peter Mares. (Attachments: # 1 Affidavit of Service of A. Robles, # 2 Affidavit of Service of J. Bell, # 3 Affidavit of Service of T. Winkowski, # 4 Affidavit of Service of the US, # 5 Affidavit of Service of Z. Mevior) (Perez, Jose) (Entered: 08/20/2013) |
| 04/01/2014 | 9 | MOTION to Dismiss by Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America, Thomas S. Winkowski.(Cerrone, Michael) (Entered: 04/01/2014) |
| 04/01/2014 | 10 | DECLARATION signed by Michael S. Cerrone re 9 MOTION to Dismiss filed by J. Bell, M. Dion, John and Jane Does 1-10, Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America, Thomas S. Winkowski . (Attachments: # 1 Exhibit A)(Cerrone, Michael) (Entered: 04/01/2014) |
| 04/01/2014 | 11 | DECLARATION signed by Mary E. Fleming filed by J. Bell, M. Dion, John and Jane Does 1-10, Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America, Thomas S. Winkowski . (Cerrone, Michael) (Entered: 04/01/2014) |
| 04/01/2014 | 12 | DECLARATION signed by Elaine A. Hensley re 9 MOTION to Dismiss filed by J. Bell, M. Dion, John and Jane Does 1-10, Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America . (Cerrone, Michael) (Entered: 04/01/2014) |
| 04/01/2014 | 13 | DECLARATION signed by Colleen Garrette re 9 MOTION to Dismiss filed by J. Bell, M. Dion, John and Jane Does 1-10, Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America, Thomas S. Winkowski . (Cerrone, Michael) (Entered: 04/01/2014) |
| 04/01/2014 | 14 | MEMORANDUM IN SUPPORT re 9 MOTION to Dismiss byJ. Bell, M. Dion, John and Jane Does 1-10, Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The |

| | | |
|---|---|---|
| | | United States Custom and Border Protection, United States of America, Thomas S. Winkowski. (Cerrone, Michael) (Entered: 04/01/2014) |
| 04/02/2014 | 15 | TEXT MOTION SCHEDULING ORDER re 9 MOTION to Dismiss filed by John Sandweg, Thomas S. Winkowski, Alfonso Robles, Z. Mevior, The United States Custom and Border Protection, Janet Napolitano, United States of America, ( Responses due by 4/25/2014., Replies due by 5/16/2014. Motion Hearing set for 5/29/2014 02:30 PM before Hon. Charles J. Siragusa.) COURTESY COPIES ARE TO BE PROVIDED TO THE COURT UPON FILING.. Signed by Hon. Charles J. Siragusa on 4/2/14. (KAP) (Entered: 04/02/2014) |
| 04/25/2014 | 16 | MEMORANDUM in Opposition re 9 MOTION to Dismiss filed by Peter Mares. (Attachments: # 1 Affidavit Attorney's Affirmation in support of Opposition, # 2 Certificate of Service)(Perez, Jose) (Entered: 04/25/2014) |
| 05/14/2014 | 17 | LETTER ORDER granting defendants' request for page extension on brief to not exceed 15 pages.. Signed by Hon. Charles J. Siragusa on 5/14/14. (KAP) (Entered: 05/14/2014) |
| 05/16/2014 | 18 | MEMORANDUM IN SUPPORT re 9 MOTION to Dismiss *(Reply Memorandum of Law)* byZ. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America, Thomas S. Winkowski. (Cerrone, Michael) (Entered: 05/16/2014) |
| 05/16/2014 | 19 | DECLARATION signed by Michael S. Cerrone re 18 Memorandum in Support, filed by J. Bell, M. Dion, John and Jane Does 1-10, Z. Mevior, Janet Napolitano, Alfonso Robles, John Sandweg, The United States Custom and Border Protection, United States of America, Thomas S. Winkowski . (Cerrone, Michael) (Entered: 05/16/2014) |
| 05/28/2014 | 20 | LETTER ORDER granting permission for plaintiff's counsel to appear by telephone for motion argument set for 5/29/14.. Plaintiff's counsel is directed to call the Court promptly at 585-613-4050 at 2:30 p.m. on 5/29/14. Signed by Hon. Charles J. Siragusa on 5/28/14. (KAP) (Entered: 05/28/2014) |
| 05/29/2014 | 22 | Minute Entry for proceedings held before Hon. Charles J. Siragusa: Jose Perez, Esq. appearing via telephone on behalf of plaintiff. Michael Cerrone, Esq. appearing on behalf of defendants. Motion Hearing held on 5/29/2014 re 9 MOTION to Dismiss filed by John Sandweg, Thomas S. Winkowski, Alfonso Robles, Z. Mevior, The United States Custom and Border Protection, Janet Napolitano, United States of America. Motions Submitted: 9 MOTION to Dismiss. Court to issue a written decision. (Court Reporter FTR.) (KJA) (Entered: 05/30/2014) |
| 05/30/2014 | 21 | TEXT ORDER re 9 MOTION to Dismiss filed by John Sandweg, Thomas S. Winkowski, Alfonso Robles, Z. Mevior, The United States Custom and Border Protection, Janet Napolitano, United States of America denying plaintiff's request to file a sur-reply.. Signed by Hon. Charles J. Siragusa on 5/27/14. (KAP) (Entered: 05/30/2014) |
| 06/05/2014 | 23 | -CLERK TO FOLLOW UP-DECISION AND ORDER granting 9 Motion to Dismiss. Defendants motion, ECF No. 9, to dismiss is granted pursuant to Federal Rule of Civil Procedure 4 without prejudice. In light of the Courts determination, it does not address the additional points in support of dismissal raised by Defendants and opposed by Plaintiff. The Clerk is directed to close this case. Signed by Hon. Charles J. Siragusa on 6/5/14. (KAP) (Entered: 06/05/2014) |

-A 4 -

| | | |
|---|---|---|
| 06/06/2014 | 24 | JUDGMENT in favor of defendants against Peter Mares. Signed by Clerk of Court on 6/6/2014. (TA) (Entered: 06/06/2014) |
| 06/29/2014 | 25 | NOTICE OF APPEAL as to 24 Judgment by Peter Mares. Filing fee $ 505, receipt number 0209-2059399. Appeal Record due by 7/14/2014. (Perez, Jose) (Entered: 06/30/2014) |
| 06/30/2014 | | Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a notice of appeal. Forms C and D can be obtained at www.ca2.uscourts.gov. (BK) (Entered: 07/01/2014) |
| 07/04/2014 | 26 | CERTIFICATE OF SERVICE by Peter Mares *of US Attorney General via Certified Mail* (Perez, Jose) (Entered: 07/04/2014) |
| 07/04/2014 | 27 | CERTIFICATE OF SERVICE by Peter Mares *US Attorney Office for the Western District of NY via Certified Mail* (Perez, Jose) (Entered: 07/04/2014) |
| 07/11/2014 | 28 | CLERKS CERTIFICATE/INDEX to record on appeal 25 filed and electronically sent to Court of Appeals. (Attachments: # 1 Index to Record on Appeal)(BK) (Entered: 07/15/2014) |
| 08/19/2014 | 29 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 5/29/2014, before Judge Charles J. Siragusa. Court Reporter/Transcriber Karen J. Bush, Telephone number (585) 613-4312. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/9/2014. Redacted Transcript Deadline set for 9/19/2014. Release of Transcript Restriction set for 11/17/2014. (BK) (Entered: 08/19/2014) |

## PACER Service Center

### Transaction Receipt

#### 11/19/2014 12:42:47

| PACER Login: | tl0027:2646207:0 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 6:13-cv-06187-CJS |
| Billable Pages: | 4 | Cost: | 0.40 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
PETER MARES,

       Plaintiff,

   -vs-                                 **COMPLAINT**

UNITED STATES OF AMERICA,
UNITED STATES CUSTOMS AND BORDER     **JURY TRIAL DEMANDED**
PROTECTION, JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,     **CIVIL No._____**
JOHN SANDWEG, OFFICE OF GENERAL COUNSEL,
DEPARTMENT OF HOMELAND SECURITY, ALFONSO
ROBLES, CHIEF COUNSEL, CUSTOMS AND BORDER
PROTECTION, THOMAS S. WINKOWSKI, DEPUTY
COMMISSION, CUSTOMS AND BORDER PROTECTION,
BORDER PATROL AGENT J. BELL, INDIVIDUALLY
AND AS A BORDER PATROL AGENT, BORDER
PATROL AGENT Z. MEVIOR, INDIVIDUALLY AND
AS A BORDER PATROL AGENT, BORDER PATROL
AGENT M. DION, INDIVIDUALLY AND AS A BORDER
PATROL AGENT, AND JOHN AND JANE DOES 1-10,
INDIVIDUALLY AND AS BORDER PATROL AGENTS,

       Defendants.
------------------------------------------------------

## PRELIMINARY STATEMENT

1.  This is a civil rights action brought to redress an objectively unreasonable and

unlawful seizure and arrest of Plaintiff Peter Mares, a United States citizen, and offensive

acts taken in connection therewith. Mr. Mares brings constitutional claims under the

United States Constitution, the Federal Tort Claims Act, and other federal laws and

regulations against three United States Border and Protection agents, both in their official

and individual capacity and, their employers, the United States of America, the

Department of Homeland Security, and the United States Customs and Border Protection agency.

2.   Defendants questioned, seized and arrested Mr. Mares without reasonable suspicion or probable cause that Mr. Mares had violated or was violating any law over which the officers had jurisdiction and without any warrant for the arrest of Mr. Mares or any reason to believe that Mr. Mares would flee prosecution for any alleged violation of the law.

3.   Furthermore, Defendants targeted Mr. Mares for questioning and seizure based on ethnicity and race, pursuant to their and their agency's regular practice and policy of willful, unlawful and abusive stop-type seizures of Hispanics in and around Upstate New York, far from the border.

4.   CBP patrol agents, including Defendants, regularly seize persons of Hispanic appearance off the roads and highways in New York in plain violation of clearly established constitutional, statutory, and regulatory law against unlawful racial profiling.

5.   In addition to and apart from Mr. Mares, victims of this illegal practice have included United States citizens, lawful permanent resident aliens, and other persons.

6.   Applicable constitutional, statutory and regulatory law constrains the Defendants' actions for the purpose of protecting citizens and non-citizens equally from unreasonable searches and seizures.

7.   In this action, Mr. Mares seeks nominal, compensatory and punitive damages for the harm he has suffered and seeks to hold Defendants responsible for the complained-of conduct.

## JURISDICTION AND VENUE

8.   This action arises under the FTCA, 28 U.S.C. § 2671 et. seq., 28 U.S.C. § 1346(b).  Plaintiff has exhausted the administrative remedies prescribed by 28 U.S.C. § 2675 by timely presenting claims of the Plaintiff for common law torts of assault, false arrest/imprisonment, negligence, and intentional infliction of emotional distress to Defendants on 04-11-2012, which claims were denied by letter on October 15, 2012.  A copy of that denial is attached hereto as **Exhibit A.**  This Complaint is filed within six months of the date of the denial notice. In addition, this Court has jurisdiction over this federal civil rights action pursuant to the Fourth Amendment to the United States Constitution and 28 U.S.C. § 1331 (federal question). Plaintiff further invokes pendent jurisdiction of this Court to consider claims arising under state law. Specifically, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.   Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1402(b), because Plaintiff resides within this district. Furthermore, venue lies in this District, pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(2), because this is the judicial district in which the events and/or omissions giving rise to the claim occurred and Defendants are federal officers whose complained-of actions were taken under color of legal authority.

10. The matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## PARTIES

11. At all times described in this Complaint, Plaintiff **PETER MARES** was, and is, a United States citizen.  Plaintiff resides in Wayne County, New York.

12. Mr. Mares is Hispanic.

13. Defendant, **THE UNITED STATES OF AMERICA** (hereinafter referred to as "Defendant" and/or the "United States")**,** is a sovereign sued under the FTCA, under which the United States has waived its sovereign immunity for the claims presented herewith and at all times relevant hereto is the government entity that controls, directs and otherwise oversees the Department of Homeland Security and employed the Defendants named below as agents, including United States Customs and Border Protection (hereinafter referred to as "CBP") agents, acting within the scope of their employment.  As such, the United States is responsible for the training of these agents and for making and/or implementing policies and practices used by these agents regarding the discharge of their duties.

14. Defendant, **THE UNITED STATES CUSTOMS AND BORDER PROTECTION** (hereinafter referred to as "CBP")**,** is a federal agency and government subdivision of the United States and at all times relevant hereto employed the defendants named below as agents.  police officers and Chief of Police.  As such, the United States Customs and Border Protection is responsible for the training of these agents and for making and/or implementing policies and practices used by these agents regarding the discharge of their duties.

15. Defendant, **JANET NAPOLITANO**, is and was at all times described in this Complaint the Secretary of the Department of Homeland Security (hereinafter referred to

as "DHS"). As such, she was the commanding officer of Defendants named above and was responsible by law for enforcing the United States Constitution, laws and regulations and for insuring that Border Patrol agents obeyed the laws of the United States of America.  She is sued individually and in her official capacity.

16. Defendant, **JOHN SANDWEG**, is and was at all times described in this Complaint the General Counsel of the Department of Homeland Security. As such, he was the commanding officer of Defendants named above and was responsible by law for enforcing the United States Constitution, laws and regulations and for insuring that Border Patrol agents obeyed the laws of the United States of America.  He is sued individually and in her official capacity.

17. Defendant, **ALFONSO ROBLES**, is and was at all times described in this Complaint the Chief Counsel of the Customs and Border Protection Agency. As such, he was the commanding officer of Defendants named above and was responsible by law for enforcing the United States Constitution, laws and regulations and for insuring that Border Patrol agents obeyed the laws of the United States of America.  He is sued individually and in her official capacity.

18. Defendant, **THOMAS S. WINKOWSKI,** is and was at all times described in this Complaint the Deputy Commissioner of the Customs and Border Protection Agency. As such, he was the commanding officer of Defendants named above and was responsible by law for enforcing the United States Constitution, laws and regulations and for insuring that Border Patrol agents obeyed the laws of the United States of America.  He is sued individually and in her official capacity.

19. Defendant, **BORDER PATROL AGENT J. BELL**, is and was at all times relevant hereto employed by the United States and/or DHS and/or CBP as a Border Patrol agent.  At all times described in this Complaint, he was acting in his capacity as a sworn law enforcement or peace officer, agent, servant, employee of Defendant, and under color of legal authority. He is sued individually and in his official capacity.

20. Defendant, **BORDER PATROL AGENT Z. MEVIOR**, is and was at all times relevant hereto employed by the United States and/or DHS and/or CBP as a Border Patrol agent.  At all times described in this Complaint, he was acting in his capacity as a sworn law enforcement or peace officer, agent, servant, employee of Defendant, and under color of legal authority. He is sued individually and in his official capacity.

21. Defendant, **BORDER PATROL AGENT M. DION**, is and was at all times relevant hereto employed by the United States and/or DHS and/or CBP as a Border Patrol agent.  At all times described in this Complaint, he was acting in his capacity as a sworn law enforcement or peace officer, agent, servant, employee of Defendant, and under color of legal authority. He is sued individually and in his official capacity.

22. Defendants are "law enforcement officer[s]" within the meaning of U.S.C. § 2680(h).

23. Defendants, **JOHN AND JANE DOES 1-10,** are and were at all times relevant hereto employed by the United States and/or DHS and/or CBP as Border Patrol agents. At all times described in this Complaint, they were acting in their capacity as sworn law enforcement or peace officers, agents, servants, employees of Defendant, and under color of legal authority. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

24. Plaintiff Peter Mares is a United States citizen of Mexican descent and appearance. Mr. Mares was unlawfully questioned, seized, arrested and detained on April 16, 2010, by agents of the Department of Homeland Security's Customs and Border Protection.

25. At no time the CBP agents have any basis to question, seize, arrest or detain Mr. Mares.  Mr. Mares therefore brings this claim for the common law torts of assault, false arrest/imprisonment, negligence, and intentional infliction of emotional distress.

26. Mr. Mares works for Catholic Charities of Wayne County and in that capacity serves as caretaker for *La Casa,* a home for migrant farm workers. Mr. Mares is also considered and relied upon as a leader in the community of Sodus, NY.

27. On April 16, 2010, Mr. Mares was called at approximately 8:00 pm by a resident of *La Casa.* The caller told Mr. Mares that a woman named Brenda, known to both Mr. Mares and the caller, was stopped by the Sodus police in front of *La Casa* and needed Mr. Mares' help.

28. When Mr. Mares arrived to the scene, the Sodus police officer informed Mr. Mares that he had called CBP. Brenda did not speak English and Mr. Mares helped translate for the Sodus police officer.

29. Two CBP agents arrived to the scene: Agent J. Bell and Agent Z. Mevior. Agent Bell and Mr. Mares shook hands, introduced themselves to one another and explained he was there helping to translate. Mr. Mares began to talk to Agent Bell about the woman who was stopped by the Sodus police, but Agent Bell abruptly interrupted him and asked

Mr. Mares where he was born. Mr. Mares told Agent Bell that he was born in Mexico, but that he was a U.S. citizen, and explained his naturalization process to him.

30. Mr. Mares then asked Agent Bell why he was asking these questions of him. Without even responding, Agent Bell then asked for Mr. Mares' identification. Mr. Mares asked Agent Bell why he needed to show his identification.

31. At this point, Agent Mevior aggressively stepped in and also demanded that Mr. Mares provide identification. Mr. Mares again asked both Agents Bell and Mevior why they were asking for his identification. Agent Mevior responded that they had a right to ask these questions, to ask for his identification, and to ask questions about his immigration status.

32. He further added that if Mr. Mares did not answer the questions, he would be arrested. At no time during this interaction with Agents Bell and Mevior did Mr. Mares feel that he was free to leave.

33. Agent Mevior then pulled out a pair of handcuffs and grabbed Mr. Mares hands and asked him to put them behind his back. Agent Bell frisked Mr. Mares, both agents handcuffed him, and then Agent Bell physically forced him to the ground.

34. Shortly thereafter, a third BP agent, Agent M. Dion, arrived to the scene. Mr. Mares believes this third BP officer was a supervisor. Agent Dion began asking Mr. Mares more questions about Mr. Mares' nationality, ethnicity, and immigration status and again asked where Mr. Mares was naturalized, and what Mr. Mares did to become naturalized. Mr. Mares again explained. Still handcuffed and in the ground, Mr. Mares responded to these questions and Agent Dion went to speak with Agents Bell and Mevior.

35. After more than one hour of detention, Agent Bell walked over to Mr. Mares, removed his handcuffs and told to Mr. Mares that he was going to be released. No charges were ever filed against Mr. Mares.

36. The CBP agents intentionally, recklessly, or negligently committed unlawful false arrest and false imprisonment by taking custody of, arresting and detaining Mr. Mares without a warrant or probable cause.  Mr. Mares was acting as a concerned community leader who was only attempting to assist in communication between his fellow neighbor and law enforcement agents.  At no time did CBP have a warrant for Mr. Mares' arrest, nor did they have any basis for believing that he, in particular, had violated any civil or criminal law.  Rather, CBP agents questioned, arrested and detained Mr. Mares solely on the basis of his race, ethnicity, and/or perceived national origin.

37. The conduct of the CBP agents also constituted negligence, negligent or intentional assault and battery.   Armed and uniformed CBP agents aggressively questioned and detained Mr. Mares, putting him in fear of harmful and offensive contact. The CBP agents also handcuffed Mr. Mares after he informed them that he was a U.S. citizen, intentionally physically retaining him in a way that was harmful, offensive and non-consensual.

38. Finally, the CBP agents intentionally or negligently inflicted emotional distress on Mr. Mares.  The CBP agents knew or should have known that aggressively intimidating Mr. Mares in questioning him, unlawfully arresting and detaining him would result in a trauma to him and his personal humiliation.  Mr. Mares has suffered severe emotional distress and trauma that was caused by, and directly resulted from, the unlawful actions of the CBP agents.

39. As a result of Defendants' actions, Plaintiff experienced, among other things, fear, embarrassment, humiliation, extreme emotional distress, mental anguish, and pain and suffering. The acts and omissions complained of occurred in the State of New York and are tortious under the law of the State of New York.

40. Plaintiff alleges that the United States, DHS, and CBP are legally responsible for the incident, injuries and damages set forth here, and that each of the Defendants directly and proximately caused Plaintiff's injuries and damages by reason of their negligence, intentional acts or conduct, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission.

41. Each of the Defendants caused, and is legally responsible for: the injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act; authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct; failing to take action to prevent the unlawful conduct;  failing or refusing to initiate and maintain adequate training or supervision; deliberate indifference to Plaintiff's rights; and ratifying the unlawful conduct that occurred by agents under their direction and control, including failing to take remedial or disciplinary action.

42. Plaintiff alleges that at all times relevant to this Complaint, Defendants, and each of them, were the agents, employees, servants, joint ventures, partners and/or coconspirators of the other Defendants named in this Complaint; and that at all times, each of the Defendants was acting within the course and scope of that relationship with

the other Defendants. At all times relevant hereto and in other actions described herein, the defendants named above were acting under color of the law and under color of their legal authority.

43. Defendants' employer and supervisors knew, or reasonably should have known of Defendants' regular pattern and practice of questioning, seizing and arresting people far from the border and stopping people who look Hispanic to interrogate them about their immigration status without objectively reasonable suspicion that such affected persons are violating or have violated any law within the enforcement jurisdiction of CBP.

44. Defendants' employer and supervisors knew, or reasonably should have known of the manner in which Defendants performed their CBP duties.

45. Defendants' employer and supervisors are aware of their conduct relating to the seizure of Mr. Mares and these supervisors approve of this conduct.

46. Defendants' employer and supervisors are aware of how Defendants conduct their CBP duties and these supervisors approve of that conduct.

47. Defendants have not been given recent training regarding the circumstances under which people may lawfully be stopped or interrogated.

48. Defendants have not been given recent training regarding their authority to detain and arrest persons.

49. Defendants have failed to establish up-to-date written policies and procedures that ensure that CBP agents like Defendants understand the circumstances under which persons may be detained or arrested.

50. CBP has not enacted any formal or informal procedure requiring or encouraging its agents to document in writing the factual bases of reasonable suspicion for all stops, regardless of whether they result in an arrest.

51. This encourages and allows agents like Defendants to question, stop, seize and detain people on the basis of nothing other or little more than the ethnic or racial appearance.

52. Defendants are not entitled to any defense, statutory or otherwise, in that the act and/or omissions of the CBP agents were not discretionary functions and were not performed in good faith.

## FIRST CAUSE OF ACTION

53. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

54. Mr. Mares has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure.

55. Defendants violated Mr. Mares' Fourth Amendment rights by: (i) questioning him and seizing him without reasonable suspicion that Mr. Mares had violated or was violating any law over which Defendants had jurisdiction; (ii) arresting Mr. Mares without probable cause; (iii) and by arresting Mr. Mares without a warrant and without any reason to believe that Mr. Mares would flee prosecution for any alleged violation of the law prior to obtaining a warrant.

56. The Defendants' aforementioned acts constitute gross violations of the Fourth Amendment and Mr. Mares was damaged thereby.

## SECOND CAUSE OF ACTION

57. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 56 as if fully set forth herein.

58. Mr. Mares has a constitutionally protected right under the Fifth Amendment to the United States Constitution to be free from intentional discrimination against him on the basis of his race and national origin.

59. Defendants acted under color of state law with a discriminatory purpose and treated Mr. Mares differently because of his race and national origin.

60. The Defendants intentionally discriminated against Mr. Mares on the basis of his Hispanic descent and Mexican origin, thus violating his substantive due process rights guaranteed to him as a United States citizen under the United States Constitution by taking him into custody, arresting and detaining him without a warrant or probable cause, but solely on the basis of his race, ethnicity, and/or perceived national origin.

61. The Defendants' aforementioned acts constitute gross violations of the Fifth Amendment and Mr. Mares was damaged thereby.

## THIRD CAUSE OF ACTION

62. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 61 as if fully set forth herein.

63. CBP agents by their acts and omissions committed the tort of false imprisonment under the laws of the United States and others laws and regulations because:

      i.  The CBP agents directly, intentionally, and unlawfully restrained Mr. Mares' physical liberty by, among other things: stopping him,

handcuffing him, detaining him and arresting him for more than one hour; refusing to permit Mr. Mares to leave; refusing to let Mr. Mares go about his business; failing to believe he was a United States citizen; forcibly taking Mr. Mares to the ground in handcuffs.

ii. The CBP agents' conduct was without legal excuse because, among other things: Mr. Mares was at all times known to be a U.S. citizen and thus entitled to move about within the United States without being unreasonably search or seize; the CBP agents had no reason to believe there was probable cause that Mr. Mares had committed a crime; the CBP agents had actual knowledge of Mr. Mares' citizenship; the CBP agents had actual knowledge that Mr. Mares, although Mexican at some point, was a naturalized United States citizen;  the CBP agents had no good-faith basis to question Mr. Mares' citizenship and ethnicity;   CBP is not empowered to make custody determinations; and any mistake of fact or law as to whether Mr. Mares could properly be detained was not reasonable.

iii. The CBP agents intended to confine Mr. Mares when they said that they were going to arrest him if he failed to produce identification. Mr. Mares was aware he was not free to leave because he was handcuffed and forcibly placed in a seated position nearby the agents, a confinement that Mr. Mares did not consent to.

iv.  As a direct and proximate result of the CBP agents' conduct, Mr. Mares has suffered and continues to suffer damages, including but not limited to emotional distress, psychological injury, and mental anguish.

## FOURTH CAUSE OF ACTION

64. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 63 as if fully set forth herein.

65. The CBP agents by their acts and omissions committed the tort of intentional infliction of emotional distress under the laws of the United States and others laws and regulations because:

i.  The CBP agents acted in an outrageous and intolerable manner, offending generally accepted standards of morality and decency, by detaining Mr. Mares for more than one hour, depriving him of his freedom, threatening him with arrest in furtherance of Defendants' violation of Mr. Mares' constitutional rights; refusing to let him leave despite the fact he had not violated any law.

ii.  The CBP agents' conduct was extreme and outrageous in that severe distress would be felt by any reasonable person, including Mr. Mares, as a result of being arrested and detained, despite being a U.S. citizen, without having violated any civil or criminal law.   Further, the CBP agents disregarded any substantial

probability that Mr. Mares would suffer such distress when they proceeded to detain and arrest Mr. Mares despite his complaints that he did not have to show identification and despite a lack of probable cause that he had committed any civil or criminal immigration violation.   Because Mr. Mares was put in this extreme and outrageous situation of detention, he now suffers from fear and anxiety that he could at any time be stopped, detained and arrested by CBP agents without having committed any civil or criminal immigration violation.

iii.  The CBP agents specifically intended to cause emotional harm and/or showed a reckless disregard for Mr. Mares' emotional well-being.

iv.  As a direct and proximate result of the CBP agents' conduct, Mr. Mares suffered severe emotional distress in the form of Post-traumatic Stress Disorder.

## FIFTH CAUSE OF ACTION

66. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 65 as if fully set forth herein.

67. The CBP agents by their acts and omissions committed the tort of negligence under the laws of the United States and others laws and regulations because:

i.  The CBP agents breached their duty of reasonable care of Mr. Mares by negligently stopping, questioning, and by taking

custody of, arresting and detaining Mr. Mares without a warrant or probable cause.  Mr. Mares was acting as a concerned community leader who was only attempting to assist in communication between his fellow neighbor and law enforcement agents.

ii.  The CBP agents breached their duty of reasonable care of Mr. Mares by negligently arresting Mr. Mares when they did not have a warrant for Mr. Mares' arrest, nor did they have any basis for believing that he, in particular, had violated any civil or criminal law.  Rather, CBP agents questioned, arrested and detained Mr. Mares solely on the basis of his race, ethnicity, and/or perceived national origin.

iii.  As a direct and proximate result of the CBP agents' negligent conduct, Mr. Mares suffered injury in the form of emotional distress, psychological injury, and mental anguish.

**SIXTH CAUSE OF ACTION**

68. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 67 as if fully set forth herein.

69. Upon information and belief, defendants the UNITED STATES, DHS, and CBP have failed to establish adequate procedures to train the Border patrol agents.

70. Upon information and belief, defendants the UNITED STATES, DHS, and CBP have failed to establish adequate disciplinary procedures and investigation of the agents' misconduct.

71. Upon information and belief, defendants the UNITED STATES, DHS, and CBP have acted in disregard of previous allegations of Border Patrol agents' violations of constitutional rights and other rights of individuals and have failed to undertake adequate investigation and precaution.

72. The acts and nonfeasance of defendants the UNITED STATES, DHS, and CBP committed under legal authority deprived Plaintiff of his rights, privilege, and immunities guaranteed to him as a United States citizen.

73. Defendants the UNITED STATES, DHS, and CBP were negligent in failing to adequately train, supervise, and discipline the individual agents, thus, directly causing the injuries and harm suffered by the Plaintiff.  This conduct was the result of policy and custom of the DHS and CBP.


**SEVENTH CAUSE OF ACTION**

74. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 73 as if fully set forth herein.

75. The CBP agents by their acts and omissions committed the tort of assault and battery under the laws of the United States and others laws and regulations because:

  i. Armed and uniformed CBP agents aggressively questioned and detained Mr. Mares, putting him in fear of harmful and offensive contact.

  ii. The CBP agents also handcuffed Mr. Mares after he informed them that he was a U.S. citizen, intentionally physically retaining him in a way that was harmful, offensive and non-consensual.

iii.  The CBP agents intentionally threatened Mr. Mares with arrest when Mr. Mares questioned their authority to demand identification and to question him.  This threat caused Mr. Mares to become apprehensive that the CBP agents would engage in imminent harmful physical contact with Mr. Mares by subduing and handcuffing him.

iv.  The CBP agents committed a battery as well upon Mr. Mares, when one of the agents intentionally and wrongfully made physical, offensive and harmful contact with Mr. Mares, without his consent, as the agent placed Mr. Mares' hands behind his back and placed handcuffs on his wrists.

v.  The Defendants' aforementioned acts constituted assault and battery and Mr. Mares was damaged thereby.

## EIGHT CAUSE OF ACTION

76. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 75 as if fully set forth herein.

77. The acts and conduct of the defendants herein above alleged and detailed in Paragraphs 1 through 83, constitute assault, battery, false arrest or imprisonment, negligence, discrimination, gross negligence, and purposeful nonfeasance under the laws of the State of New York, and this Court has pendent jurisdiction to hear and adjudicate said claims.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, **PETER MARES**, demands the following, jointly and severally, against all the defendants:

1.      Compensatory damages in an amount to be proven at trial;

2.      Punitive and exemplary damages against each individual Defendant in an amount appropriate to punish each individual Defendant and deter others from engaging in similar misconduct;

3.      Costs of suit;

4.      Reasonable attorney's fees pursuant to 28 U.S.C. § 2678, and as otherwise authorized by statute or law;

5.      Assume pendent jurisdiction over the state claims;

6.      Pre and post-judgment interest as permitted by law;

7.      A jury trial is hereby demanded; and

8.       Such other relief as this Court may deem proper.


DATED:  April 11, 2013          **LAW OFFICES OF JOSE PEREZ, P.C.**


By:_____
        Jose E. Perez, Esq.
        Bar Roll number: 515103
        *Attorneys for Plaintiff*
        120 E. Washington Street, Suite 925
        Syracuse, New York 13202
        Telephone:  (315) 422-5673
        Facsimile: (315) 466-5673
        joseperez@joseperezyourlawyer.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PETER MARES

**(b)** County of Residence of First Listed Plaintiff    Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICES OF JOSE PEREZ, P.C.Jose E. Perez, Esq.
120 E. Washington Street, Suite 925 Syracuse, New York 13202
Telephone:  (315) 422-5673

### DEFENDANTS
UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, JANET NAPOLITANO, SECRETARY DEPARTMENT OF HOMELAND SECURITY, et. al.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FTCA, 28 U.S.C. § 2671 et. seq., 28 U.S.C. § 1346(b).
Brief description of cause:
Unlawful arrest of a United States citizen without probable cause or warrant by Border Patrol Agents

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   04/11/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| | ) |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BORDER PATROL AGENT J. BELL
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) Civil Action No. |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   BORDER PATROL AGENT M. DION
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone:  (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Western District of New York

| | |
|---|---|
| PETER MARES,<br><br>———————————————<br>*Plaintiff(s)*<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES<br>CUSTOMS AND BORDER PROTECTION, JANET<br>NAPOLITANO, SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY, JOHN SANDWEG, et al.<br>———————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THOMAS S. WINKOWSKI
U.S. Customs and Border Protection
Deputy Commissioner
1300 Pennsylvania Ave., N.W.
Washington, DC 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone:  (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | |
|---|---|
| PETER MARES, ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. |
| ) | |
| UNITED STATES OF AMERICA, UNITED STATES ) | |
| CUSTOMS AND BORDER PROTECTION, JANET ) | |
| NAPOLITANO, SECRETARY, DEPARTMENT OF ) | |
| HOMELAND SECURITY, JOHN SANDWEG, et al. ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Secretary Janet Napolitano
U.S. Department of Homeland Security
Washington, D.C. 20528


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone:  (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*


                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| | ) |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JOHN SANDWEG
Office of the General Counsel
U.S. Department of Homeland Security
Mail Stop 3650
Washington, D.C. 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES,<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES<br>CUSTOMS AND BORDER PROTECTION, JANET<br>NAPOLITANO, SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY, JOHN SANDWEG, et al.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BORDER PATROL AGENT Z. MEVIOR
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )     Civil Action No. |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Alfonso Robles
U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Ave., N.W.
Washington, DC 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone:  (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____               _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                       *Server's signature*

                                 _____
                                       *Printed name and title*


                                 _____
                                       *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )    Civil Action No. |
| UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    JOHN AND JANE DOES 1-10
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES,<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES<br>CUSTOMS AND BORDER PROTECTION, JANET<br>NAPOLITANO, SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY, JOHN SANDWEG, et al.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Civil Process Clerk, US Attorney
138 Delaware Avenue, Buffalo, NY 14202

Eric Holder, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                        *Server's signature*

                             _____
                                        *Printed name and title*

                             _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No. **13-CV-6187** |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BORDER PATROL AGENT J. BELL
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   4/15/2013    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 13-CV-6187 |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BORDER PATROL AGENT M. DION
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 4/15/2013 _____     *Michael J. Roemer*

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 13-CV-6187 |
| UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  THOMAS S. WINKOWSKI
U.S. Customs and Border Protection
Deputy Commissioner
1300 Pennsylvania Ave., N.W.
Washington, DC 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   4/15/2013   _____



Signature of Clerk or Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, JOHN SANDWEG, et al. <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.   13-CV-6187

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Secretary Janet Napolitano
U.S. Department of Homeland Security
Washington, D.C. 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   4/15/2013   _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES,<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br>UNITED STATES OF AMERICA, UNITED STATES<br>CUSTOMS AND BORDER PROTECTION, JANET<br>NAPOLITANO, SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY, JOHN SANDWEG, et al.<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   13-CV-6187

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   JOHN SANDWEG
Office of the General Counsel
U.S. Department of Homeland Security
Mail Stop 3650
Washington, D.C. 20528

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone:  (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

Date:  _____4/15/2013_____        _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES,<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES<br>CUSTOMS AND BORDER PROTECTION, JANET<br>NAPOLITANO, SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY, JOHN SANDWEG, et al.<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  13-CV-6187<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BORDER PATROL AGENT Z. MEVIOR
U.S. Customs and Border Protection
300 Airborne Parkway
Suite 300
Buffalo, NY 14225

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  4/15/2013    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| PETER MARES, | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 13-CV-6187 |
| | ) |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, JOHN SANDWEG, et al. | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Alfonso Robles
U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Ave., N.W.
Washington, DC 20229

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: LAW OFFICES OF JOSE PEREZ, P.C.
Jose E. Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone: (315) 422-5673
Facsimile: (315) 466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



CLERK OF COURT

Date:  4/15/2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

◻ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

◻ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

◻ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

◻ I returned the summons unexecuted because _____ ; or

◻ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.


Date: _____               _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*


                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | |
|---|---|
| PETER MARES | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) Civil Action No. |
| UNITED STATES OF AMERICA, UNITED STATES | ) |
| CUSTOMS AND BORDER PROTECTION, JANET | ) |
| NAPOLITANO, SECRETARY, DEPARTMENT OF | ) |
| HOMELAND SECURITY, et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Jose Perez, P.C. Jose Enrique Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Tel: 315-422-5673
Fax: 315-466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____         _____
                                                          _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | |
|---|---|
| PETER MARES | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No. 13-CV-6187 |
| UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al. | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Jose Perez, P.C. Jose Enrique Perez, Esq.
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Tel: 315-422-5673
Fax: 315-466-5673

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   4/18/2013

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

*Affidavit of Service*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER MARES

                                            Plaintiff(s)/Petitioner(s)

        against
                                                            Index No.13-CV-6187
                                                            Date Filed:4/11/13

UNITED STATES OF AMERICA, et al.

                                            Defendant(s)/Respondent(s)

NEW YORK STATE,  COUNTY OF ONONDAGA § TROY L PRATER
The undersigned, being duly sworn, deposes and says; that deponent is not a party herein, is over 18 years of age and served a
SUMMONS IN A CIVIL ACTION AND COMPLAINT in the above titled action or proceeding upon BORDER PATROL AGENT
M. DION  (herein called the recipient) at BORDER PATROL OFFICE, 19 E. SCHUYLER ST., OSWEGO, NY 13126  On the 17TH
day of APRIL  2013 at 3:51 P.M.

☒ Individual      by delivering a true copy of each to said recipient personally. Deponent knew the person served to be the person
                  described as said person therein .

☐ Corporation     by delivering thereat a true copy of each to          personally.  Deponent knew said corporation so served to be the
                  corporation described therein, and knew said individual to be          thereof.

☐ Suitable Age    by delivering thereat a true copy of each to   a person of suitable age and discretion. Said premises is
                  defendant's/respondent's actual    within the State.

☐ Affixing        by affixing a true copy of each to the door of said premises, which is defendant's/respondent's actual
                       within the State. Deponent was unable with due diligence to find defendant/respondent  or a person of
                  suitable age and discretion, thereat, having called there on

☐ Mailing         On  deponent enclosed a copy in a postpaid envelope properly addressed to defendant/respondent
                  at  and Deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal
                  Service within the State of New York. The envelope bore the legend " Personal & Confidential" and did not indicate
                  on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an
                  action against the defendant/respondent.

*A description of the defendant/respondent OR the person served on behalf of the defendant/respondent is as follows:*
Sex: MALE  Skin Color: WHITE  Hair Color: BROWN  Approximate Age: 42  Approximate Height: 6'3"
Approximate Weight: 220  Other Identifying Features: GLASSES

*I asked the person spoken to whether the defendant/respondent was in active military service of the United States of the State of New York and received a negative
reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations
and observations defendant/respondent defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service of the
State of New York or the United States.*

Sworn to before me this   19th day of April 2013

Notary Public

                    Sherman McDonell                                    TROY L PRATER
                    Notary Public, State of New York
                    No. 01MC6247919
                    Qualified in Onondaga County
                    Commission Expires Sept. 6. 2015

        D & M    Litigation Services, Inc P.O. Box 232 North Syracuse NY 13212

*Affidavit of Service*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

PETER MARES

*Plaintiff(s)/Petitioner(s)*

*against*

*Index No. 13-CV-6187*
*Date Filed: 4/11/13*

UNITED STATES OF AMERICA, et al.

*Defendant(s)/Respondent(s)*

**DISTRICT OF COLUMBIA §**

The undersigned, being duly sworn, deposes and says; that deponent is not a party herein, is over 18 years of age and served a
SUMMONS IN A CIVIL ACTION AND COMPLAINT in the above titled action or proceeding upon ALFONSO ROBLES, U.S.
CUSTOMS AND BORDER PATROL, OFFICE OF CHIEF COUNSEL(herein called the recipient)
at 1300 Pennsylvania Ave NW Washington DC 20229
On the 6th day of May, 2013 at 2:47 p.m

☐ Individual    by delivering a true copy of each to said recipient personally. Deponent knew the person served to be the person
described as said person therein.

☐ Corporation    by delivering thereat a true copy of each to                                            personally. Deponent
knew said corporation so served to be the corporation described therein, and knew said individual to be
thereof.

☑ Suitable Age    by delivering thereat a true copy of each to MS. Fervanti - Authorized a person of suitable age and discretion. Said
premises is defendant's/respondent's actual Place of Business                    within the State.

☐ Affixing    by affixing a true copy of each to the door of said premises, which is defendant's/respondent's actual
within the State. Deponent was unable with due diligence to find
defendant/respondent or a person of suitable age and discretion, thereat, having called there on

☑ Mailing    On 5/21/13 deponent enclosed a copy in a postpaid envelope properly addressed to defendant/respondent at
ABOVE ADDRESS and Deposited said envelope in an official depository under the exclusive care and custody of
the U.S. Postal Service within the State of DC    . The envelope bore the legend " Personal & Confidential" and
did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney
or concerned an action against the defendant/respondent.

*A description of the defendant/respondent OR the person served on behalf of the defendant/respondent is as follows:*
Sex F        Skin Color: B        Hair Color: Black        Approximate Age: 45-49 Approximate Height: 5'-5'2
Approximate Weight:        Other Identifying Features:
101-115

*I asked the person spoken to whether the defendant/respondent was in active military service and received a negative reply. The person spoken with wore ordinary
civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent
defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service.*

Sworn to before me this 21st day of May, 2013

Notary Public *Rosemara Settler*
My Comm. Exp. 10/31/2016

KEVIN DILLARD

D & M | **Litigation Services, Inc** P.O. Box 232 **North Syracuse NY 13212**

Case 6:13-cv-06187-CJS   Document 8-2   Filed 08/20/13   Page 1 of 1

*Affidavit of Service*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

PETER MARES

*Plaintiff (s)/Petitioner(s)*

*against*

Index No.13-CV-6187
Date Filed:4/11/13

UNITED STATES OF AMERICA, et al.

*Defendant(s)/Respondent(s)*

**NEW YORK STATE, COUNTY OF ONONDAGA §** TROY L PRATER

The undersigned, being duly sworn, deposes and says; that deponent is not a party herein, is over 18 years of age and served a SUMMONS IN A CIVIL ACTION AND COMPLAINT in the above titled action or proceeding upon BORDER PATROL AGENT J. BELL (herein called the recipient) at BORDER PATROL OFFICE, 19 E. SCHUYLER ST., OSWEGO, NY 13126 On the 17TH day of APRIL 2013 at 3:51 P.M.

☐ Individual   by delivering a true copy of each to said recipient personally. Deponent knew the person served to be the person described as said person therein .

☐ Corporation   by delivering thereat a true copy of each to          personally. Deponent knew said corporation so served to be the corporation described therein, and knew said individual to be          thereof.

☒ Suitable Age   by delivering thereat a true copy of each to M. DION-BORDER PATROL AGENT a person of suitable age and discretion. Said premises is defendant's/respondent's actual PLACE OF BUSINESS within the State.

☐ Affixing   by affixing a true copy of each to the door of said premises, which is defendant's/respondent's actual          within the State. Deponent was unable with due diligence to find defendant/respondent or a person of suitable age and discretion, thereat, having called there on

☒ Mailing   On 4/18/13 deponent enclosed a copy in a postpaid envelope properly addressed to defendant/respondent at ABOVE ADDRESS and Deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York. The envelope bore the legend " Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant/respondent.

*A description of the defendant/respondent OR the person served on behalf of the defendant/respondent is as follows:*
Sex: MALE   Skin Color: WHITE   Hair Color: BROWN   Approximate Age: 42   Approximate Height: 6'3"
Approximate Weight: 220   Other Identifying Features: GLASSES

*I asked the person spoken to whether the defendant/respondent was in active military service of the United States of the State of New York and received a negative reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service of the State of New York or the United States.*

Sworn to before me this   19th day of April 2013

Notary Public

TROY L PRATER

Sherman McDonell
Notary Public, State of New York
No. 01MC6247919
Qualified in Onondaga County
Commission Expires Sept. 6, 2015

D & M   Litigation Services, Inc P.O. Box 232 North Syracuse NY 13212

*Affidavit of Service*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER MARES

                  *Plaintiff (s) Petitioner(s)*

       *against*                *Index No. 13-CV-6187*
                               *Date Filed: 4/11/13*

UNITED STATES OF AMERICA, et al.

                             *Defendant(s) Respondent(s)*

**DISTRICT OF COLUMBIA §**

The undersigned, being duly sworn, deposes and says; that deponent is not a party herein, is over 18 years of age and served a SUMMONS IN A CIVIL ACTION AND COMPLAINT in the above titled action or proceeding upon THOMAS S. WINKOWSKI, U.S. CUSTOMS AND BORDER PROTECTION, DEPUTY COMMISSIONER (herein called the recipient)
at  1300 Pennsylvania Ave NW Washington DC 20229
On the 6th   day of  May, 2013    at 2:47 p .m

☐ Individual   by delivering a true copy of each to said recipient personally. Deponent knew the person served to be the person described as said person therein .

☑ Corporation   by delivering thereat a true copy of each to                   personally. Deponent knew said corporation so served to be the corporation described therein, and knew said individual to be        thereof.

☑ Suitable Age   by delivering thereat a true copy of each to MS. Fervanti -Authorized a person of suitable age and discretion. Said premises is defendant's/respondent's actual Place of Business         within the State.

☐ Affixing   by affixing a true copy of each to the door of said premises, which is defendant's/respondent's actual                 within the State. Deponent was unable with due diligence to find defendant/respondent or a person of suitable age and discretion, thereat, having called there on

☑ Mailing   On 5/14/13 deponent enclosed a copy in a postpaid envelope properly addressed to defendant/respondent at ABOVE ADDRESS and Deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of DC   . The envelope bore the legend " Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant/respondent.

*A description of the defendant/respondent OR the person served on behalf of the defendant/respondent is as follows:*
Sex F       Skin Color: B      Hair Color: Black    Approximate Age: 45-50 Approximate Height: 5'1-5'3
Approximate Weight:110 Other Identifying Features:

*I asked the person spoken to whether the defendant/respondent was in active military service and received a negative reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service.*

Sworn to before me this 14th   day of May, 2013

Notary Public *Rosanna Settles*

My Comm. Exp. 10/31/2016

KEVIN DILLARD

*Affidavit of Service*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

PETER MARES

                    *against*

                        *Plaintiff (s) Petitioner(s)*

                            *Index No. 13-CV-6187*
                            *Date Filed: 4/11/13*

UNITED STATES OF AMERICA, et al.

                    *Defendant(s) Respondent(s)*

**DISTRICT OF COLUMBIA §**

The undersigned, being duly sworn, deposes and says; that deponent is not a party herein, is over 18 years of age and served a SUMMONS IN A CIVIL ACTION AND COMPLAINT in the above titled action or proceeding upon UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE (herein called the recipient) at 950 Pennsylvania Avenue, NW Washington DC 20530
On the 6th day of May, 2013 at 3:08p. .m

☐ Individual    by delivering a true copy of each to said recipient personally. Deponent knew the person served to be the person described as said person therein .

☑ Corporation    by delivering thereat a true copy of each to    STEFFON EDMONDS
knew said corporation so served to be the corporation described therein, and knew said individual to be      personally. Deponent
Mail Clerk      thereof. ~
*Authorized to Accept Service*

☐ Suitable Age    by delivering thereat a true copy of each to               a person of suitable age and discretion. Said
premises is defendant's/respondent's actual                       within the State.

☐ Affixing    by affixing a true copy of each to the door of said premises, which is defendant's/respondent's actual
                               within the State. Deponent was unable with due diligence to find
defendant/respondent or a person of suitable age and discretion. thereat, having called there on

☐ Mailing    On           deponent enclosed a copy in a postpaid envelope properly addressed to defendant/respondent at ABOVE ADDRESS and Deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York. The envelope bore the legend " Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant/respondent.

*A description of the defendant/respondent OR the person served on behalf of the defendant/respondent is as follows:*
Sex M    Skin Color: B    Hair Color: Black    Approximate Age: 25-30 Approximate Height: 6 '
Approximate Weight: 165 Other Identifying Features:

*I asked the person spoken to whether the defendant/respondent was in active military service and received a negative reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service.*

Sworn to before me this *14th* day of May, 2013

Notary Public *Rosanna Settles*

My Comm. Exp. 10/31/2016

KEVIN DILLARD

D & M    Litigation Services, Inc P.O. Box 232 North Syracuse NY 13212

Case 6:13-cv-06187-CJS   Document 8-5   Filed 08/20/13   Page 1 of 1

*Affidavit of Service*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER MARES

                         *Plaintiff(s)/Petitioner(s)*

        *against*
                                        *Index No.13-CV-6187*
                                        *Date Filed:4/11/13*

UNITED STATES OF AMERICA, et al.

                          *Defendant(s)/Respondent(s)*

**NEW YORK STATE, COUNTY OF ONONDAGA §** TROY L PRATER
The undersigned, being duly sworn, deposes and says; that deponent is not a party herein, is over 18 years of age and served a SUMMONS IN A CIVIL ACTION AND COMPLAINT in the above titled action or proceeding upon BORDER PATROL AGENT Z. MEVIOR (herein called the recipient) at BORDER PATROL OFFICE, 19 E. SCHUYLER ST., OSWEGO, NY 13126 On the 17TH day of APRIL 2013 at 3:51 P.M.

☐ Individual     by delivering a true copy of each to said recipient personally. Deponent knew the person served to be the person described as said person therein .

☐ Corporation    by delivering thereat a true copy of each to         personally.  Deponent knew said corporation so served to be the corporation described therein, and knew said individual to be       thereof.

☒ Suitable Age  by delivering thereat a true copy of each to M. DION-BORDER PATROL AGENT a person of suitable age and discretion. Said premises is defendant's/respondent's actual PLACE OF BUSINESS  within the State.

☐ Affixing      by affixing a true copy of each to the door of said premises, which is defendant's/respondent's actual                within the State. Deponent was unable with due diligence to find defendant/respondent  or a person of suitable age and discretion, thereat, having called there on

☒ Mailing       On 4/18/13 deponent enclosed a copy in a postpaid envelope properly addressed to defendant/respondent at  ABOVE ADDRESS and Deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York. The envelope bore the legend " Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant/respondent.

*A description of the defendant/respondent OR the person served on behalf of the defendant/respondent is as follows:*
Sex: MALE  Skin Color: WHITE  Hair Color: BROWN  Approximate Age: 42  Approximate Height: 6'3"
Approximate Weight: 220  Other Identifying Features: GLASSES

*I asked the person spoken to whether the defendant/respondent was in active military service of the United States of the State of New York and received a negative reply. The person spoken with wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations defendant/respondent narrated above. Upon information and belief, I aver that the recipient is not in military service of the State of New York or the United States.*

Sworn to before me this   19th   day of   April 2013

                                              TROY L PRATER

Notary Public

          Sherman McDonell
        Notary Public, State of New York
            No. 01MC6247919
        Qualified in Onondaga County
      Commission Expires Sept. 6, 2015

D & M    **Litigation Services, Inc P.O. Box 232 North Syracuse NY 13212**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                          Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,                    13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                          Defendants.


_____

## NOTICE OF MOTION


       **PLEASE TAKE NOTICE** that defendants, by their attorney, Michael S. Cerrone,

Assistant United States Attorney, for William J. Hochul, Jr., United States Attorney for the

Western District of New York, hereby move this Court for an order: (i) pursuant to Fed. R.

Civ. P. 12(b)(2) and (5), dismissing this action for improper and untimely service and lack of

personal jurisdiction; or, in the alternative, (ii) pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), partially dismissing plaintiff's complaint; (iii) pursuant to 28 U.S.C. § 2679(d)(1), substituting the United States as the sole defendant on plaintiff's claims asserted under the Federal Tort Claims Act; and (iv) for such other and further relief as the Court may deem just or proper.   Defendants' motion is supported by the accompanying Declarations of Michael S. Cerrone, Mary E. Fleming, Elaine Hensley, and Colleen Garrette, and a Memorandum of Law.

**PLEASE TAKE NOTICE THAT** the motion will be heard at the United States Courthouse, 100 State Street, Rochester, New York at a date and time to be set by the Court.

**PLEASE TAKE FURTHER NOTICE THAT** defendant intends to serve and file reply papers and, therefore, any papers in opposition to this motion are due fourteen days after service of this motion pursuant to Local Rule 7(b)(2)(B), unless otherwise ordered by the Court.

DATED:  Buffalo, New York, April 1, 2014

WILLIAM J. HOCHUL, JR.
United States Attorney


BY:   S/Michael S. Cerrone
MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
michael.cerrone@usdoj.gov
(716) 843-5851

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                         Plaintiff,

v.                                                              13-CV-6187

UNITED STATES OF AMERICA, et al.

                         Defendants.


_____


## CERTIFICATE OF SERVICE


I hereby certify that on April 1, 2014, I electronically filed the foregoing **NOTICE OF MOTION** with the Clerk of the District Court using its CM/ECF System, which would then electronically notify the following CM/ECF participant(s) on this case:


    1.     Jose Enrique Perez, Esq.


                                      ___S/Cheryl Kinmartin_____
                                        CHERYL KINMARTIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                 Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,                13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                 Defendants.

_____

## DECLARATION

**MICHAEL S. CERRONE,** makes this Declaration under penalties of perjury,

pursuant to 28 U.S.C. § 1746:

1.      I am an attorney duly licensed to practice in the State of New York and before

this Court, and am an Assistant United States Attorney in the Western District of New York.

2.      I represent defendants United States of America, U.S. Customs and Border

Protection ("CBP"), former Secretary of the Department of Homeland Security ("DHS")

Janet Napolitano ("Napolitano"), former DHS Acting General Counsel John Sandweg ("Sandweg"), former CBP Chief Counsel Alfonso Robles ("Robles"), CBP Deputy Commissioner Thomas Winkowski ("Winkowski"), and Border Patrol Agents Matthew Dion ("Dion"), Zenaida McIvor ("McIvor")[1], and Jerrad Bell ("Bell").

3.     This Declaration is made in support of defendants' motion for an Order: (i) pursuant to Fed. R. Civ. P. 12(b)(2) and (5), dismissing this action for improper and untimely service and lack of personal jurisdiction; or, in the alternative, (ii) pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), partially dismissing plaintiff's complaint; and (iii) pursuant to 28 U.S.C. § 2679(d)(1), substituting the United States as the sole defendant on plaintiff's claims asserted under the Federal Tort Claims Act.

4.     This action was commenced by plaintiff Peter Mares in the United States District Court for the Western District of New York.   Plaintiff, a United States citizen, alleges that he was handcuffed, frisked, forced to the ground, and detained for about an hour without reasonable cause by agents of U.S. Customs and Border Protection.   Docket # 1.

5.     Plaintiff asserts tort claims under the Federal Tort Claims Act as well as constitutional claims under the authority of <u>Bivens</u>.   <u>Id.</u>

6.     Plaintiff has asserted tort claims against all of the individual defendants.

7.     On March 25, 2014, United States Attorney William J. Hochul, Jr. certified that the individual defendants were, at all relevant times, acting within the scope of their employment as federal employees.   A copy of the certification is attached as Exhibit A.

8.     As stated in the accompanying memorandum of law, the United States should be substituted for U.S. Customs and Border Protection and all of the individual defendants on

---

1  Sued incorrectly herein as "Z. Mevior".

plaintiff's tort claims and those claims should be dismissed with prejudice as to them for lack

of subject matter jurisdiction.


        DATED:        Buffalo, New York, April 1, 2014.



                                         _S/Michael S. Cerrone_____
                                         MICHAEL S. CERRONE
                                         Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                              Plaintiff,

v.                                                                13-CV-6187

UNITED STATES OF AMERICA, et al.

                              Defendants.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I electronically filed the foregoing

**DECLARATION** with the Clerk of the District Court using its CM/ECF System, which

would then electronically notify the following CM/ECF participant(s) on this case:

   1.    Jose Enrique Perez, Esq.


                                        _S/Cheryl Kinmartin_____
                                        CHERYL KINMARTIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                          Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,           13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                         Defendants.

_____

## <u>CERTIFICATION</u>

        Pursuant to 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the

Attorney General under 28 C.F.R. § 15.3, I, William J. Hochul, Jr., the United States

Attorney for the Western District of New York, hereby certify that I have read the complaint

filed in this action and that, on the basis of the information now available, defendants former

Secretary of the Department of Homeland Security Janet Napolitano, former DHS Acting

General Counsel John Sandweg, former CBP Chief Counsel Alfonso Robles, CBP Deputy

Commissioner Thomas Winkowski, and Border Patrol Agents Matthew Dion, Zenaida

McIvor, and Jerrad Bell were acting within the scope of their employment with respect to the claims alleged in the complaint.

**DATED**:    March 25, 2014,
              Buffalo, New York

                                             S/William J. Hochul, Jr.
                                            WILLIAM J. HOCHUL, JR.
                                            United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                              Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,                    13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                              Defendants.

_____

### DECLARATION

**MARY E. FLEMING,** makes this Declaration under penalties of perjury, pursuant

to 28 U.S.C. § 1746:

1.       I am an attorney duly licensed to practice in the State of New York and before

this Court, and am an Assistant United States Attorney and the Civil Chief in the Western

District of New York.

2.      One of my duties as Civil Chief is to review copies of all civil complaints that are served and/or delivered to this office.

3.      I have reviewed my files in the subject case and have determined that a copy of the summons and complaint in this case was neither served upon nor delivered to this office.


DATED:      Buffalo, New York, March 25, 2014.


_S/Mary E. Fleming_____
MARY E. FLEMING
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                          Plaintiff,

v.                                                                    13-CV-6187

UNITED STATES OF AMERICA, et al.

                          Defendants.

_____

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, I electronically filed the foregoing **DECLARATION** with the Clerk of the District Court using its CM/ECF System, which would then electronically notify the following CM/ECF participant(s) on this case:

   1.     Jose Enrique Perez, Esq.


                                   ___S/Cheryl Kinmartin_____
                                   CHERYL KINMARTIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PETER MARES | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:13-CV-06187 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al. | ) | DECLARATION OF ELAINE A. |
| | ) | HENSLEY |
| Defendant. | ) | |
| | ) | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

I, ELAINE A. HENSLEY, state the following:

1.     I am employed as a Legal Technician, Case Control Officer, with the Torts Branch, Civil Division, Department of Justice, Washington, D.C. As such, one of my responsibilities is to maintain the case tracking system which includes recordation of the date of service of summonses and complaints upon the Attorney General of the United States.

2.     Summonses and complaints in civil actions, served upon the Attorney General of the United States, pursuant to Federal Rule of Civil Procedure 4 (i) (1) (B), are received in the mail room of the Department of Justice and forwarded to the Mail Referral Unit where they are logged in, date stamped, and, as a matter of routine, forwarded to the Civil Division for inclusion in the Case Tracking System.

3.      I have caused the appropriate case tracking system within the Civil Division of the Department of Justice to be searched, and I have found that there is no record of the summons and/or complaint in the above entitled action having been served upon the Attorney General of the United States.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of March,  2014.

S/Elaine A. Hensley

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER MARES,

                          Plaintiff,
v.                                                                          13-CV-6187

UNITED STATES OF AMERICA, et al.

                          Defendants.


_____

### **CERTIFICATE OF SERVICE**


        I hereby certify that on April 1, I electronically filed the foregoing **DECLARATION** with the
Clerk of the District Court using its CM/ECF System, which would then electronically notify the
following CM/ECF participant(s) on this case:


1.      Jose Enrique Perez, Esq.



                                        S/Cheryl Kinmartin

                                        CHERYL KINMARTIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PETER MARES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 6:13-CV-06187 |
| vs. | ) | |
| | ) | DECLARATION OF Colleen Garrette |
| UNITED STATES, et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I, Colleen Garrette state the following:

1. My name is Colleen Garrette and I am the Deputy Director, Business Management Staff.  As such, I am the official responsible for ensuring personnel matters are processed.

2. After having HRM search CBP's TPX system (links with USDA), Alfonso Robles retired from service with U.S. Customs and Border Protection on April 30, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1 day of April, 2014.

S/COLLEEN GARRETTE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                        Plaintiff,

v.                                                                              13-CV-6187

UNITED STATES OF AMERICA, et al.

                        Defendants.


_____

## CERTIFICATE OF SERVICE


        I hereby certify that on April 1, I electronically filed the foregoing **DECLARATION**
with the Clerk of the District Court using its CM/ECF System, which would then
electronically notify the following CM/ECF participant(s) on this case:

                1.        Jose Enrique Perez, Esq.


                                        S/Cheryl Kinmartin
                                        CHERYL KINMARTIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                          Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,                    13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                          Defendants.

_____

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

This Memorandum of Law is submitted on behalf of defendants United States of

America, U.S. Customs and Border Protection ("CBP"), former Secretary of the

1

Department of Homeland Security ("DHS") Janet Napolitano ("Napolitano"), former DHS Acting General Counsel John Sandweg ("Sandweg"), former CBP Chief Counsel Alfonso Robles ("Robles"), CBP Deputy Commissioner Thomas Winkowski ("Winkowski"), and Border Patrol Agents Matthew Dion ("Dion"), Zenaida McIvor ("McIvor")[1], and Jerrad Bell ("Bell") for an order, pursuant to Fed. R. Civ. P. 12(b)(2) and (5), dismissing this action for improper and untimely service and lack of personal jurisdiction; or, in the alternative, for an order, pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), partially dismissing plaintiff's complaint; and (iii) pursuant to 28 U.S.C. § 2679(d)(1), substituting the United States as the sole defendant on plaintiff's claims asserted under the Federal Tort Claims Act.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is a caretaker at La Casa, a home for migrant farm workers in Wayne County, New York.  Docket # 1, ¶ 26.  Plaintiff was born in Mexico but is a naturalized U.S. citizen.  Docket # 1, ¶ 24.  On April 16, 2010, at about 8:00 p.m., plaintiff was called by a resident of La Casa and was told that a mutual acquaintance had been stopped by the Sodus, New York police in front of La Casa.  Docket # 1, ¶ 27.  Plaintiff went to the scene to assist.  Docket # 1, ¶ 28.  Shortly after plaintiff's arrival, Bell and McIvor came to the scene having been called by Sodus police apparently because of a suspicion that the person stopped was not lawfully in the United States.  Docket # 1, ¶ 29.

Plaintiff approached Bell, they shook hands, and introduced themselves to each other.  Docket # 1, ¶ 29.  Plaintiff told Bell that he was there to translate.  Docket # 1, ¶ 29.  Bell allegedly asked plaintiff where he was born.  Docket # 1, ¶ 29.  Plaintiff contends that he informed Bell that he was a naturalized U.S. citizen.  Docket # 1, ¶ 29.  Bell and McIvor

---
[1] Sued incorrectly herein as "Z. Mevior".

2

asked plaintiff for identification.  Docket # 1, ¶ 30-31.  Plaintiff contends that he was then handcuffed, frisked, and forced to the ground.  Docket # 1, ¶ 33.  Dion then arrived at the scene and asked plaintiff about his immigration status.  Docket # 1, ¶ 34.  Plaintiff contends that he told Dion that he was a naturalized U.S. citizen.  Docket # 1, ¶ 34.  Plaintiff claims that, after being detained for about an hour, Bell, McIvor, and Dion released plaintiff and did not file any charges against him.  Docket # 1, ¶ 35.

**SUMMARY OF PLAINTIFF'S CLAIMS**

Plaintiff asserts eight causes of action in his complaint.  In his first cause of action, he asserts a Fourth Amendment <u>Bivens</u> claim alleging that he was questioned without reasonable suspicion and arrested without probable cause.  Docket # 1, ¶¶ 53-56.  In his second cause of action, plaintiff contends that defendants intentionally discriminated against him on the basis of his race and national origin by arresting him without probable cause.  In his third, fourth, fifth, sixth, and seventh causes of action, plaintiff alleges, respectively, claims of false imprisonment, intentional infliction of emotional distress, negligence, negligent hiring, training, and supervision, and assault and battery claims against defendants under the Federal Tort Claims Act ("FTCA").  Finally, in his eighth cause of action, plaintiff asserts state law tort claims against the defendants.

**SUMMARY OF ARGUMENT**

First, as stated in Point I below, plaintiff's complaint must be dismissed for insufficient service of process as plaintiff has failed to properly serve defendants under Fed. R. Civ. P. 4(i) and, thus, this Court lacks personal jurisdiction over the defendants.

3

Second, as stated in Point II below, plaintiff's complaint must be dismissed because he has failed to properly effect service of process within 180 days of the filing of this action in violation of Fed. R. Civ. P. 4(m). Indeed, it has now been nearly a year since this action was commenced and plaintiff still has not properly served the defendants.

In Point III, it is established that this Court lacks personal jurisdiction over defendants Napolitano, Sandweg, Robles, and Winkowski, all current or former DHS or CBP executives in Washington, D.C., who had no contact with New York in relation to this case.

In Point IV(A), it is pointed out that Bivens claims may not be maintained against the United States, its agencies, or employees sued in an official capacity. In Point IV(B), defendants show how Napolitano, Sandweg, Robles, and Winkowski, all current or former DHS or CBP executives in Washington, D.C., have no liability to plaintiff under Bivens as there are no allegations of their personal involvement in this case.

As stated in Point V, the FTCA claims against CBP and the individual defendants must be dismissed as the U.S. is the only proper defendant in an FTCA case.

Lastly, as set forth in Point VI, plaintiff's tort claims, asserted under New York law, as opposed to the FTCA, are barred by sovereign immunity.

## ARGUMENT

Given the number and type of claims asserted by plaintiff and the number of deficiencies in those claims, there are several standards of review that apply to this motion. They are detailed below.

## A.   Standard of Review on a 12(b)(1) Motion

Plaintiff bears the burden of establishing this Court's subject matter jurisdiction. Luckett v. Bure, 290 F.3d 493, 496- 497 (2d Cir. 2002).  While "a motion to dismiss for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)," [Pennacchio ex rel. Old World Brewing Company, Inc. v. Powers, No. 05-CV-0985, 2007 WL 446355 (E.D.N.Y. Feb. 5, 2007)], "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  Shipping Financial Services Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).

"In resolving the question of jurisdiction, the District Court can refer to evidence outside the pleadings ...." Luckett, 290 F.3d at 496-497.  Affidavits and other materials may be considered to resolve jurisdictional questions. Narvaez v. United States, No. 05-CV-2240, 2007 WL 174141 at *2 (E.D.N.Y. Jan 19, 2007). "The consideration of such materials does not convert the motion to one for summary judgment." Hentnik v. United States, No. 02 CV-9498, 2003 WL 22928648 at *3 (S.D.N.Y. Dec. 10, 2003).

This standard of review applies to Points IV, V, and VI.

**B.   Standard of Review on a 12(b)(2) Motion**

The plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir.2001) (citations omitted). "Unlike a motion to dismiss pursuant to Rule 12(b)(6), deciding a Rule 12(b)(2) motion necessarily requires resolution of factual matters outside the pleadings." Zibiz Corp. v. FCN Tech. Solutions, 777 F.Supp.2d 408, 416 (E.D.N.Y.2011) (internal quotation marks omitted). Where, as here, the jurisdictional question is based "on the pleadings and without discovery, the plaintiff need show only a prima facie case." In re Stillwater Capital Partners Inc. Litigation, 851 F.Supp.2d 556, 566 (S.D.N.Y.2012) (internal quotations omitted). "Thus, on a Rule 12(b)(2) motion, while the Court may consider materials outside the pleadings, it must still credit plaintiffs' averments of jurisdictional fact (but not their conclusions) as true, and must construe all allegations in the light most favorable to the plaintiff, and notwithstanding a controverting presentation by the moving party. Brown v. City of New York, No. 10–CV–5229 (ENV)(ALC), 2013 WL 3245214 at * 3 (E.D.N.Y. June 26, 2013).

This standard of review applies to Points I and III.

**D.   Standard of Review on a 12(b)(5) Motion**

Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). In ruling on a Rule 12(b)(5) motion, a court " must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc., 419 F.Supp.2d 419, 427 (S.D.N.Y.2005)

6

(citations and internal quotation marks omitted).   A plaintiff bears the burden of proving that each defendant was properly served.  <u>Mende v. Milestone Tech.</u>, Inc., 269 F.Supp.2d 246, 251 (S.D.N.Y.2003).  In meeting this burden "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served."   <u>Howard v. Klynveld Peat Marwick Goerdeler</u>, 977 F.Supp. 654, 658 (S.D.N.Y.1997), <u>aff'd</u>, 173 F .3d 844 (2d Cir.1999).

This standard of review applies to Points I and II.

**E.   <u>Standard of Review on a 12(b)(6) Motion</u>**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007).  Moreover, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>Iqbal</u>, 129 S.Ct. at 1950.  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Iqbal</u>, 129 S.Ct. at 1950.

This standard of review applies to Points IV, V, and VI.

<u>**POINT I**</u>

<u>**PLAINTIFF HAS FAILED TO PROPERLY SERVE THE DEFENDANTS**</u>

Federal Rule of Civil Procedure 4(i)(1), (2), and (3) provide, respectively, the service of process rules for serving the United States (Rule 4(i)(1)), a federal agency or officer sued in an official capacity (Rule 4(i)(2)), and a federal officer or employee sued in an individual capacity (Rule 4(i)(3)).  In order to serve the United States, Fed. R. Civ. P. 4(i)(1) requires the party to (i) serve a copy of the summons and complaint, by personal delivery or by certified mail, on the United States Attorney for the district where the action is brought [Fed. R. Civ. P. 4(i)(1)(A)] and (ii)"send a copy [] by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(B).  To serve an agency or officer under Fed. R. Civ. P. 4(i)(2), a plaintiff must "serve the United States" and send a copy of the summons and complaint to the agency or officer.  Federal Rule of Civil Procedure 4(i)(3) provides that "to serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf ..., a party must serve the United States and also serve the officer or employee under Rule 4(e), (f) or (g)."  The

common denominator in all three subsections is that the plaintiff must "serve the United States," i.e.: (1) deliver or mail a copy of the summons and complaint to the appropriate U.S. Attorney's Office; and (2) mail a copy of the summons and complaint to the United States Attorney General.

Here, plaintiff has not served the U.S. Attorney's Office and has not served the Attorney General.  See Fleming and Hensley Declarations.  Accordingly, plaintiff has failed to properly serve the defendants, this Court lacks personal jurisdiction over defendants, and this action must be dismissed under Rule 12(b)(2) and (5).

In addition to serving the United States, individual defendants sued in their individual capacity in a Bivens case must also be personally served "under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).  Only Rule 4(e) is relevant here.  Rule 4(e) provides that a person may be served consistent with state law for the state in which suit is brought or where service is made.  Fed. R. Civ. P. 4(e)(1).

Here, no affidavits of service have been filed regarding defendants Napolitano or Sandweg.  See Docket # 8.  Thus, this action must be dismissed as to them for improper service and lack of personal jurisdiction.

As it pertains to defendant Robles, it appears that plaintiff attempted a "leave and mail" service under N.Y. CPLR § 308(2).  The affidavit indicates that the papers were left at CBP Office of Chief Counsel in Washington, D.C. on May 6, 2013 and followed up with a mailing to that same address.  See Docket # 8-1.  However, as per the Garrette Declaration, Robles retired from CBP on April 30, 2013, six days before service was attempted.  Therefore, the CBP Office of Chief Counsel in Washington, D.C. was no

longer his "actual place of business" on the date of service.   Accordingly, service was defective under N.Y. CPLR § 308(2) and Fed. R. Civ. P. 4(i)(3) and 4(e).

**POINT II**

**THIS ACTION MUST BE DISMISSED FOR UNTIMELY SERVICE OF PROCESS**

Federal Rule of Civil Procedure 4(m) provides, in relevant part, as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Thus, Rule 4(m) directs the Court to dismiss an action without prejudice if service is not made within 120 days of the filing of the complaint.   As this Court found in Mused v. U.S. Dept. of Agriculture Food and Nutrition Service, 169 F.R.D. 28, 33 (W.D.N.Y. 1996) (Arcara, J.):

> Federal courts have generally held that, when a plaintiff has failed to complete service within 120 days and has not shown good cause for such failure, the court should dismiss the action rather than grant an extension of time to complete service.  National Union Fire Ins. Co., 1994 WL 463009, at *3.   Although leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger. Id. at *4.  Creating exceptions to procedural rules will not enhance the ability of the courts to dispense justice, but rather will have the reverse effect.  Alexander v. Forest City Pierrepont Assoc., No. 94 Civ. 3961, 1995 WL 406135, at *3 (E.D.N.Y. June 26, 1995).

This action was commenced by plaintiff on April 11, 2013.  Docket # 1.  As of the date of this motion, plaintiff has still not properly served defendants even though it is now

10

been nearly a full year since the action was commenced.  See Point I above.  Therefore, plaintiff well exceeded the 120-day time limit and this action should be dismissed.

## POINT III

### THE EXECUTIVE DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT

In a Bivens case, the Court's personal jurisdiction over a defendant is determined by the law of the state in which the district court sits, New York here.  Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006).  In order for this Court to exercise personal jurisdiction over the defendants, it must determine that (i) personal jurisdiction is authorized under New York law; and (ii) the exercise of jurisdiction does not offend due process of law.  Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997).  Plaintiff bears the burden of making out a prima facie case as to every jurisdictional fact.  Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

### A. The Court Lacks Jurisdiction Under New York Law

New York CPLR § 302, the New York long-arm jurisdiction statute, provides a basis for asserting jurisdiction over persons who do not reside in the state but committed an act or acts within the state which sufficiently relate to the harm which is the subject of the lawsuit.  CPLR § 302 provides in pertinent part as follows:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> > 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

11

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

Plaintiff does not expressly assert in his complaint a basis for personal jurisdiction over defendants.  However, as it pertains to defendants Napolitano, Sandweg, Robles, and Winkowski, all current or former DHS or CBP executives in Washington, D.C., there is no alleged factual basis for assertion of jurisdiction in New York.

## B. The Assertion of Jurisdiction Would Not Comport with Due Process of Law

In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1949), the United States Supreme Court held that a state may constitutionally exercise jurisdiction over a non-domiciliary defendant provided that the defendant had "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  326 U.S. at 316.  The test has come to rest on whether a defendant's conduct in connection with the forum state "is such that it should reasonably anticipate being haled into court there."  LaMarca v. Pak-

12

Mor Mfg. Co., 95 N.Y.2d 210, 216, 713 N.Y.S.2d 304 (2000).   A non-domiciliary has

minimum contacts with the forum state – and thus may reasonably foresee the prospect of

defending a suit there – "if it purposefully avails itself of the privilege of conducting

activities within the forum state."   Id. (quoting Worldwide Volkswagen Corp. v. Woodson,

444 U.S. 286, 100 S.Ct. 559, 561, 62 L.Ed.2d 490 (1980)).

     Even if plaintiff could somehow establish long-arm jurisdiction under New York

law, the assertion of personal jurisdiction over defendants Napolitano, Sandweg, Robles,

and Winkowski would not comport with due process of law as plaintiff has not alleged any

purposeful acts by those defendants in New York.

### POINT IV

### PLAINTIFF'S *BIVENS* CLAIMS MUST BE PARTIALLY DISMISSED

#### A. The U.S. and Its Agencies Cannot Be Held Liable Under *Bivens*

     Absent a waiver, sovereign immunity shields the federal government and its

agencies from suit.   F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 1000 (1994)

(citing Loeffler v. Frank, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549

(1988); Federal Housing Administration v. Burr, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84

L.Ed. 724 (1940)).   Sovereign immunity is jurisdictional in nature.   Meyer, 510 U.S. at

475.   Indeed, the "terms of [the United States'] consent to be sued in any court define that

court's jurisdiction to entertain the suit."   Meyer, 510 U.S. at 475 (quoting United States

v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941)); see also United

States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983) ("It is

axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction").  Congress may choose to waive the sovereign immunity of the United States but may do so only through unequivocal statutory language.  Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied.") (citations omitted).

An action commenced against a federal agency or a federal officer in his or her official capacity is treated as a lawsuit against the United States.  Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. ...  It is not a suit against the official personally, for the real party in interest is the entity.") (citations and internal quotation marks omitted).  Accordingly, suits against federal agencies and officers in their official capacities are barred under the doctrine of sovereign immunity, unless that immunity has been expressly waived.  Meyer, 510 U.S. at 475.

It is well settled that, under the doctrine of sovereign immunity, the United States, its agencies, and officers named in their official capacity may not be sued in Bivens suits. Meyer, 510 U.S. at 486 (United States and federal agencies); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (United States and federal officials). Accordingly, plaintiff's Bivens' claims must be dismissed as to the United States, CBP, and each defendant sued in his or her official capacity.[2]

---

[2] Plaintiff expressly sues each of the individual defendants in their individual and official capacities.  See Docket # 1, ¶ 1.

14

**B.** **There is No Supervisory Liability Here**

Jurisdiction in this action is predicated, in part, upon <u>Bivens v. Six Unknown</u> <u>Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). <u>Bivens</u> holds that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). "A *Bivens* action has two principal elements: first, a claimant must show he has been deprived of a right secured by the Constitution and the laws of the United States; second, he must show that in depriving him of that right the defendant acted under color of federal law." <u>Eck v.</u> <u>Gallucci</u>, 321 F.Supp.2d 368, 371 (D.Conn. 2004) (citations omitted).

To state a valid <u>Bivens</u> claim, the plaintiff must specifically allege that each defendant was personally involved in the purportedly wrongful conduct. <u>Thomas v.</u> <u>Ashcroft</u>, 470 F.3d 491, 496-497 (2d Cir. 2006). This "personal involvement" requirement is satisfied where a plaintiff demonstrates that a defendant directly participated in the acts alleged to constitute a violation of plaintiff's rights. <u>Wallace v.</u> <u>Conroy</u>, 945 F.Supp. 628, 637 (S.D.N.Y. 1996). Because personal involvement by a federal official is a prerequisite to liability under <u>Bivens</u>, federal officials who are not personally involved in an alleged constitutional deprivation may not be held vicariously liable under <u>Bivens</u> for the acts of subordinates. <u>Gill v. Mooney</u>, 824 F.2d 192, 196 (2d Cir. 1987).

15

Here, plaintiff makes no specific factual allegations that defendants Napolitano, Sandweg, Robles, or Winkowski had any involvement in this matter other than the fact that they may have held senior government positions at the time of the incident. Accordingly, plaintiff's <u>Bivens</u> claims must be dismissed as to them.

## POINT V

## PLAINTIFF'S FTCA CLAIMS MUST BE PARTIALLY DISMISSED

A tort claim against a federal agency cannot be maintained under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b)(1) and 2679(a). Where a federal agency is named as a defendant in an action asserting a federal tort claim, the United States is to be substituted as the proper defendant. <u>Megna v. Food and Drug Administration</u>, No. 08-CV-1435, 2009 WL 749900 *8 n. 12 (E.D.N.Y. Mar. 17, 2009), <u>aff'd</u>, 377 Fed. Appx. 113 (2d Cir. 2010). Thus, in this case, the United States of America should be substituted as the proper defendant in place of "U.S. Customs and Border Protection" and all claims against U.S. Customs and Border Protection should be dismissed for lack of subject matter jurisdiction.

Under the FTCA, an employee of the government acting within the scope of his or her employment may not be sued individually for negligence. 28 U.S.C. § 2679(b)(1) ("The remedy against the United States [under the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action ...."). If a federal employee who acted within the scope of employment is sued individually, the United States must be substituted

as the proper defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose ...." 28 U.S.C. §2679(d)(1).

Here, on March 25, 2014, United States Attorney William J. Hochul, Jr. certified that each individual defendant was acting within the scope of his or her employment as a federal employee at all relevant times.  See Cerrone Dec, Exh. A.  Accordingly, pursuant to 28 U.S.C. §2679(d)(1), the United States must be substituted as defendant in place of each of the individual defendants and all FTCA claims against them must be dismissed for lack of subject matter jurisdiction.

## POINT VI

## PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED

As stated in Points IV and V above, sovereign immunity shields the United States, its agencies, and employees from suit except to the extent that immunity has been waived. The FTCA constitutes a limited waiver of that immunity.  28 U.S.C. § 1436(b); see also Point V.  In his eighth cause of action, plaintiff asserts, against the defendants, common law torts – not under the FTCA – but under New York law.  It is well-settled that such state law tort claims, unless brought under the FTCA, are barred by sovereign immunity. 28 U.S.C. § 2679(b) (FTCA remedies are "exclusive of any other civil action or proceeding for money damages").  Accordingly, plaintiff's eighth cause of action must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss should be granted.

17

DATED:  Buffalo, New York, April 1, 2014

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:     S/Michael S. Cerrone_____
MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
michael.cerrone@usdoj.gov
(716) 843-5851

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                         Plaintiff,

v.                                                    13-CV-6187

UNITED STATES OF AMERICA, et al.

                         Defendants.

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2014, I electronically filed the foregoing **MEMORANDUM OF LAW** with the Clerk of the District Court using its CM/ECF System, which would then electronically notify the following CM/ECF participant(s) on this case:

1.      Jose Enrique Perez, Esq.


                                        ___S/Cheryl Kinmartin_____
                                        CHERYL KINMARTIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

          Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,          13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

          Defendants.

_____


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

**INTRODUCTION**

       Defendants in the above action, by and through their attorneys, William J. Hochul,

United States Attorney for the Western District of New York, and Michael S. Cerrone, Assistant

United States Attorney, have submitted a Memorandum of Law in Support of Defendants'

Motion to Dismiss. This memorandum of law is submitted by Plaintiff in opposition to

Defendants' motion. For the reasons stated below, the motion to dismiss should be denied in its entirety.

## SUMMARY OF ARGUMENT

Defendants assert that Plaintiff's complaint should be dismissed because Plaintiff has allegedly failed to properly serve Defendants in accordance with Fed. R. Civ. P. 4(i). However, Defendants had actual notice immediately after the complaint was filed due to their status as a Registered User in the Western District of New York's electronic filing system. As stated in W.D.N.Y.'s Administrative Guidelines, a prerequisite to utilizing the system requires all users' written consent accepting electronic notice. Thus, even assuming *arguendo* that Defendants never received copies of the summons and complaint via registered mail, which Plaintiff denies, service of process was proper regarding both Attorneys General offices because of their express consent.

Furthermore, service of process was proper as to defendant Robles. Although Robles retired six days prior to the date of service, Plaintiff, in accordance with N.Y. CPLR § 308, served process on his actual place of business. Although no definitive test exists as to what constitutes an "actual place of business," New York courts generally focus on whether prompt redelivery is likely to occur. As conceded by Defendants, both a personally delivered and mailed copy of the summons and complaint were in fact received at the same address.

Defendants also claim that the 120-day-time limit for service of process was not met. This assertion is moot considering the fact that Defendants accepted service of process under the electronic filing system. In the alternative, if this Court deems that service of process was improper, Plaintiff, pursuant to this Court's discretion under Fed. R. Civ. P. 4(m), requests additional time to complete such task. Supporting an extension, Plaintiff proffers a four factor

2

test that the 2nd Circuit applies when considering such an extension, encompassing: (1) actual notice; (2) lack of prejudice to the defendant; (3) justifiable excuse; and (4) potential prejudice to the plaintiff.

Plaintiff has presented a *prima facie* showing of personal jurisdiction because Defendants have "minimum contacts" with New York in relation to this case. *Pendent* jurisdiction exists because claims under the Constitution and state law, arising out of the same occurrence permit the entire action to be heard as one constitutional case.

Defendants argue that dismissal is warranted because the action is against individuals in their official capacity and persons who were not personally involved. But federal officers may be sued for constitutional violations directly under the Constitution. Sovereign immunity from such a suit is lost where: (1) the facts alleged show that the officer violated a constitutional right, and (2) the right was so clearly established that a reasonable official would have known the conduct violated the Constitution.

The substance of Plaintiff's suit comprises three distinct causes of action: (1) a *Bivens* constitutional tort; (2) an FTCA statutory suit; and (3) N.Y. State personal injury action. There is much overlap amongst the three causes of action as they are against multiple defendants. As a result, Defendants have conflated the actions throughout their Motion to Dismiss. This opposition seeks to clarify their mistaken claims of insufficient pleadings.

For the reasons set forth below, Defendants' Motion to Dismiss should be denied in its entirety.

## **ARGUMENT**

### A.  12(b)(1) Standard Of Review

Plaintiff bears the burden of showing that, by a mere preponderance of the evidence, subject matter jurisdiction exists. *Hamm v. U.S.,* 483 F.3d 135, 137 (2d Cir. 2007). Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it. *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In addition, this Court may refer to evidence outside the pleadings, including affidavits and other materials to resolve jurisdictional questions. *Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d. Cir. 2001).

This standard of review applies to Points IV, V, and VI.

**B. 12(b)(2) Standard Of Review**

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendants. Plaintiff may satisfy this burden by pleading, in good faith, a *prima facie* showing of jurisdiction. *Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184 (2d Cir. 1998). This can be revealed through Plaintiff's own affidavits and supporting materials. *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981). All allegations are construed in a light most favorable to Plaintiff and doubts are resolved in Plaintiff's favor. *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2 76, 79-80 (2d Cir. 1993).

This standard of review applies to Points I and III.

**C. 12(b)(5) Standard Of Review**

Fed. R. Civ. P. 4(m) expressly grants the Court discretion to excuse improper service of process. "In considering a motion to dismiss pursuant to [Rule] 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Zaffuto v. Peregrine Health Management,* 280 F.R.D. 96, 99 (W.D.N.Y. 2012) quoting *Darden v. Daimler Chrysler N. Am. Holding Corp.,* 191 F.Supp.2d 382, 387 (S.D.N.Y.

2002). Although plaintiff bears the burden of proving that each defendant was properly served, a process server's affidavit establishes a presumptive, *prima facie* case of proper service. *U.S. v. Jost,* 2014 WL 1279029 (W.D.N.Y. 2014).

This standard of review applies to Points I and II.

**D.  12(b)(6) Standard Of Review**

"Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim." *Jones v. City of Buffalo,* 2014 WL 1315383 (W.D.N.Y. 2014). When determining whether a complaint states a claim, this Court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in Plaintiff's favor. *Id.* at 4 citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007). A claim has facial plausibility when Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). This process is a context-specific task, requiring this Court to draw on its judicial experience and common sense. *Id.*

This standard of review applies to Points IV, V, and VI.

<u>**POINT I**</u>

<u>**PLAINTIFF SERVED THE DEFENDANTS VIA U.S. MAIL AND THE W.D.N.Y. ELECTRONIC FILING SYSTEM ;**</u>

**A.  The U.S. Attorneys General Offices for the Western District of New York and the United States were served by U.S. Mail and the W.D.N.Y.'s electronic filing system.**

Fed. R. Civ. P. 5(b)(2)(E) permits service by electronic means if the person consented in writing. Registered users of the Western District of New York's electronic filing system consent to service of all documents. W.D.N.Y. Admin. Guidelines 2(f)(i) *Service of Documents by*

*Electronic Means*. Registration forms, required of all users, must be submitted to the court in writing and clearly state "Registration as a Filing User constitutes consent to electronic service of all documents provided herein in accordance with the Federal Rules of Civil Procedure." W.D.N.Y. Admin. Guidelines 1(c)(i) *Registration For The Electronic Case Filing System*. Upon the filing of a document by a party, a Notice of Electronic Filing, with a hyperlink to the filed document, is generated and sent to the e-mail addresses of all parties participating in the electronic filing system. *Id.* This Court has held that a failure to check an email will not absolve a party from compliance. *See, Kolerski v. U.S.,* 2007 WL2325856 (W.D.N.Y. 2007) (party who had not received e-mail notices of electronic filings for previous six months was not absolved from compliance).

Here, the Attorneys General are registered users of federal electronic filing system. An email was sent to the relevant addresses on file with this Court. Even if we assume *arguendo* that Plaintiff's counsel had completely failed to mail a copy of the summons and complaint, which Plaintiff denies, the fact remains that Defendants have effectively consented to service by electronic filing. Moreover, the mere fact that Defendants have responded to a pleading is evidence of actual notice. *See, Pollack v. Meese,* 737 F.Supp. 663, 671 n. 8 (D.C. Cir. 1990) (*Bivens* claim had defect in service, but necessary parties in government had actual notice of the suit where they received copies of the summons and complaint and defended itself in pretrial motions). Requiring registered and certified copies to be mailed would be superfluous and unnecessary.

**B. Process was accepted at Defendant Robles' actual place of business, by personal delivery and mail.**

Fed. R. Civ. P. 4(e) permits service pursuant to the law of the state in which the district court is located. New York allows service by delivering the summons to a person of suitable age

6

and discretion at the actual place of business of the person to be served. N.Y. McKinney's CPLR § 308(2). Although no definitive test has emerged as to the meaning of "actual place of business," New York courts have generally focused on a location at which prompt redelivery to the defendant is likely to occur. *See,* N.Y. McKinney's CPLR § 308(6) & Practice Commentaries C308:3(b) ("Actual place of business shall include any location that the defendant, through regular solicitation or advertisement, *has held* out as its place of business") (*emphasis added*). In the instant matter, the Declaration of Garret attached to Defendants' motion concedes that Defendant Robles just "retired" 6 days prior to the service of process.  This concession implies that Defendant Robles "actual place of business" was there for many years and "prompt redelivery to the defendant [was] likely to occur."

The mere denial of proper service is insufficient to overcome the presumption of a valid process server's affidavit. *Sassower v. City of White Plains,* 1993 WL 378862 at 7 (S.D.N.Y. 1993). *See e.g., Nolan v. City of Yonkers,* 168 F.R.D. 140, 143 (S.D.N.Y. 1996) (Process was proper where summons and complaint were left with duty officer at police headquarters, even though officers worked at a separate precinct. State failed to show by affidavit that the police headquarters was not authorized to accept service on behalf of officers.); *Colon v. Beekman Downtown Hosp.,* 490 N.Y.S.2d 581 (N.Y. Sup. Ct. App. Div. 2nd Dept.) (Since defendant did not show any other actual place of business other than hospital, service upon person of suitable age and discretion in the administration office comported with requirement of rule).

In this case, service was accepted on behalf of Defendant Robles at his authorized place of business on May 21, 2013. *See, Affidavit of Service of Defendant Robles.* Defendant Robles is alleged to have retired only six days before the acceptance of service. Here, like *Nolan* where service was deemed proper when accepted by a duty officer, even though police officers worked

7

at a completely different police station, service was accepted on behalf of Defendant Robles at his only known place of business.   The Customs and Border Patrol Office of Chief Counsel where service was accepted is a government entity that habitually receives summons and complaints, and, as evinced by New York's focus on locations at which redelivery to the defendant is likely to occur, it is completely reasonable to suggest that the duty officer who accepted service could have passed along the information to Defendant Robles. An affidavit of service has been filed with this Court, and no evidence, other than Defendants' allegations that service was improper, suggests Defendant Robles did not receive it.   Specifically, Defendants failed to provide this Court with an affidavit from Defendant Robles attesting to the fact that he did not receive process.

## POINT II

## IN THE ALTERNATIVE, IF THIS COURT DEEMS SERVICE IMPROPER AND UNTIMELY, PLAINTIFF REQUESTS ADDITIONAL TIME TO SERVE PROCESS APPROPRIATELY.

Fed. R. Civ. P. 4(i)(l) mandates service of a copy of the summons and complaint, by personal or certified mail delivery, on both the U.S. Attorney for the district where the action is brought and the Attorney General of the United States at Washington, D.C. However, Fed. R. Civ. P. 4(m) grants this Court discretion to extend the time for service for an appropriate period. Guiding such discretion, this Court has previously applied a four factor test concerning exceptions to mandatory dismissal for procedural defects under Fed. R. Civ. P. 4(i)(l)[1]. *See Volat v. Runyon,* 1996 WL 931812 (W.D.N.Y. 1996). As first promulgated in *Jordan v. United States,* 694 F.2d 833, 836 (D.C. Cir. 1982) and subsequently adopted by the Second Circuit in *Zankel v. United States,* 921 F.2d 432, 436 (2d Cir. 1990), the test accords:

---

[1] Formerly Fed. R. Civ. P. 4(d)(4).

"If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed, then the courts should not construe the rule so rigidly as to deny plaintiffs relief from dismissal because of a technical defect in service."

Several circuits have also held that Rule 4 requirements should not be construed so narrowly or rigidly as to prevent relief from dismissal in every case in which a plaintiff's method of service suffers from a "technical defect." *Id.* at 436.

### A. The U.S. Attorneys General Offices for the Western District of New York and the United States have actual notice.

Actual notice is notice given directly to, or received personally by a party. BLACK'S LAW DICTIONARY, 9TH EDITION 2011. Here, as mentioned above, the Attorneys General are registered users of federal electronic filing system. An email was sent to the relevant addresses on file with this Court. Even if Plaintiff's counsel had completely failed to mail a copy of the summons and complaint, the fact remains that Defendants have reviewed and responded to service submitted via the electronic filing system. Moreover, the mere fact that Defendants have filed a motion to dismiss the complaint is evidence of actual notice. *Accord, Pollack v. Meese,* 737 F.Supp. 663, 671 n. 8 (D.C. Cir. 1990) (*Bivens* claim had defect in service, but necessary parties in government had actual notice of the suit where they received copies of the summons and complaint and defended itself in pretrial motions). Requiring registered and certified copies to be mail would be superfluous and unnecessary.

### B. The Government will not suffer prejudice from technical faults in service.

The Constitution requires, at a minimum, "reasonably calculated" efforts to effectuate notice. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Fed. R. Civ. P. 4(i)(l) expands this standard by suggesting that a copy of the summons and complaint be

delivered by certified or registered mail to the relevant U.S. Attorneys General offices. However, Government entities are not afforded the same protections of Due Process as private citizens. *See, Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic,* 582 F.3d 393, 399 (2d Cir. 2009) *citing South Carolina v. Katzenbach,* 383 U.S. 301, 323 (1966).

In the instant matter, Defendants are not private citizens, but rather U.S. Attorneys General—the enforcers of the law. Because the purpose of Rule 4(i)(1) is to further safeguard Due Process, the Government will not suffer prejudice from technical faults in service or improper service. In other words, a lack of notice would not violate Due Process of law and, accordingly, not prejudice Defendants. *See, Basovitch v. U.S.,* 1991 WL 148501 (E.D.N.Y. 1991) (Government was not prejudiced for improper service because it fully participated in all pretrial proceedings).

**C. There is a justifiable excuse for any failure to properly serve Defendants.**

While courts generally hold that "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause for the purposes of the Rule 4(m)," courts also suggest that "excusable neglect" can constitute good cause. *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999) *citing McGregor v. United States,* 933 F.2d 156, 160 (2d Cir. 1991); *see also Zankel* at 435-36

In *Jackson v. Connecticut,* the plaintiff's counsel had a justifiable excuse for her failure for improper service as she attempted service and was unfamiliar with the Attorney General's service procedures. 244 F.R.D. 144, 145-46 (D. Conn. 2007). The plaintiff's counsel's justifiable excuse constituted excusable neglect, inasmuch as she attempted to serve the summons and complaint, followed up to confirm receipt, re-served, correctly, once informed of the defect, and also filed a Motion for Extension of Time, *nunc pro tunc,* which was granted. The United States

District Court for the District of Connecticut opined "[w]hile this case concerns suit against a Connecticut agency, not the United States, and thus a different Rule 4 provision for method of service applies, it is certainly analogous to *Zankel (i.e.,* a suit against a Government entity and a technical defect in the specific method of service required for that entity)."

Here, Plaintiff's counsel mailed a copy of the summons to both parties in question. However, Plaintiff's counsel mailed the parties via standard first class mail as opposed to certified or registered mail. Attesting to this fact, Plaintiff's counsel has filed an affidavit of service, affirming the copies were in fact mailed. In addition, Plaintiff's counsel took such action in reliance upon W.D.N.Y. Administrative Guidelines that suggests all Registered Users of the electronic filing system consent to service. Like *Jackson,* where the plaintiff's attorney was simply unfamiliar with the Attorney General's service procedures, in this case, Plaintiff's counsel has previously served summons and complaints through standard mail on numerous occasions. Had Plaintiff's counsel been notified of the procedural defect sooner, he would have taken prompt action and re-filed immediately. Furthermore, Plaintiff's counsel contacted on numerous occasions both the Court's Clerk and Defendants' counsel inquiring about the status of the Answer to Plaintiff's Complaint.  Plaintiff's counsel's failure to mail Defendants via certified mail should be deemed excusable neglect, as he would have remedied the inadequacy had he been notified before the 120 day time limit expired.

**D.  Plaintiff would suffer prejudice from the dismissal of the complaint because the 120 filing period for sufficient service of process has expired and Plaintiff's claims are now barred by the statute of limitations.**

The 120 day filing period has lapsed. Fed. R. Civ. P. 4(m). Also, the statute of limitations has expired in this case. *Kronisch v. U.S.,* 150 F.3d 112 (2d Cir. 1998) (New York's three year-limitations period for personal injury actions governs *Bivens* claims). If Defendant's Motion to

Dismiss is granted, Plaintiff will not be permitted to file the claim again. *See Zankel* at 437

(Court found that when the statute of limitations has expired, the equities weigh heavily in favor

of permitting the plaintiff to re-file the complaint).

For the foregoing reasons, this Court should grant an extension of time in order for

Plaintiff to properly serve Defendants.

**POINT III**

**PARAGRAPHS 8 THROUGH 23 OF PLAINTIFF'S COMPLAINT SATISFY THE REQUIREMENTS FOR ASSERTING JURISDICTION UNDER NEW YORK CPLR § 302.**

In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must

make a *prima facie* showing that jurisdiction exists. *Whitaker v. American Telecasting, Inc.,* 261

F.3d 196, 208 (2d Cir. 2001). Fed. R. Civ. P. 8 requires "a short and plain statement of the

grounds for the court's jurisdiction, *unless the court already has jurisdiction and the claim needs*

*no new jurisdictional support.*" (*emphasis added*). Additionally, 28 U.S.C.A. § 1367 serves as

the basis for supplementing jurisdiction. That is, *pendent* jurisdiction exists whenever there is a

claim arising under the Constitution and the relationship between that claim and a state claim

permits the conclusion that the entire action before this Court comprises but one constitutional

case. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966). Although the federal claim must

have substance sufficient to confer subject matter on the court, if the state and federal claims

"derive from a common nucleus of operative fact," jurisdiction is permissible. *Id.*

This Court may decline to hear a state claim if: (1) the claim raises a novel or complex

issue of State law; (2) the claim substantially predominates over the claim or claims over which

the district court has original jurisdiction; (3) the district court has dismissed all claims over

which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling

12

reasons for declining jurisdiction. *Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 214 (2d Cir. 2004). However, the Second Circuit has expressly stated that where at least one of the 1367(c) factors is applicable, a court should not decline to exercise jurisdiction unless it determines that doing so would not promote established values including fairness or convenience. *Itar-Tass Russian New Agency v. Russian Kurier, Inc.* 140 F.3d 442, 445-47 (2d Cir. 1998).

Plaintiff's complaint, immediately after establishing a federal claim under FTCA, 28 U.S.C. § 2671 et. seq., 28 U.S.C. § 1346(b), correctly asserts the basis for jurisdiction under New York law under CPLR § 302. Specifically, Paragraph 8 states, "Plaintiff further invokes pendent jurisdiction of this Court to consider claims arising under state law. Specifically, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367." Plaintiff's complaint alleges that defendants Napolitano, Sandweg, Robles and Winkowski have sufficient minimum contacts to confer jurisdiction under N.Y.'s long-arm statute. *See Plaintiff's Complaint* ¶¶ 8-10, 15-18.

For the foregoing reasons, personal jurisdiction exists under CPLR § 302.

## POINT IV

## SOVEREIGN IMMUNITY HAS BEEN LOST AND THE FEDERAL OFFICERS CAN BE SUED FOR CONSTITUTIONAL VIOLATIONS.

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* held that federal officers could be sued for constitutional violations directly under the Constitution. 403 U.S. 388 (1971). Sovereign immunity from such a suit is lost where: (1) the facts alleged show that the officer violated a constitutional right, and (2) the right was so clearly established that a reasonable official would have known the conduct violated the Constitution. *Lombardi v. Whitman,* 485 F.3d 73 (2d Cir. 2007).

**A. The U.S. and its agencies can be held liable under *Bivens* because Plaintiff's injuries are derived from the Constitution, the FTCA and N.Y. tort law.**

Under *Bivens*, the implied cause of action is the federal analog to suits brought against state officials under 28 U.S.C.A. § 1983. *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009). As Defendants correctly point out, absent a waiver, the United States and its agencies usually cannot be liable under *Bivens* for constitutional violations. *Castro v. United States,* 34 F.3d 106, 110 (2d Cir. 1994). However, the FTCA, which overlaps with *Bivens* suits case law, clearly makes an exception where the injury is based upon a limited class of intentional torts (e.g., assault, battery, false imprisonment) when caused by an investigative or law enforcement officer. 28 U.S.C.A. § 2680(h); *Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir. 1987); *See also,* S. Rep. No. 588, 93d Cong., 1st Sess. 2-3 (1973) (noting that the amendment to the FTCA making the federal government liable for intentional torts should be viewed as a counterpart to "the *Bivens* case and its progeny, in that it waives the defense of sovereign immunity so as to make the Government independently liable in damages for the same type of conduct that is alleged to have occurred in *Bivens*"). In other words, the FTCA provides consent through a jurisdictional grant, acting as a waiver of the government's sovereign immunity. *Adeleke v. United States,* 355 F.3d 144, 150 (2d Cir. 2004); 28 U.S.C.A. § 1346.

In this case, Plaintiff has averred constitutional, statutory and common law personal injury claims against federal officers and federal agencies. Because the plain language of 28 U.S.C.A. § 2680(b) carves out an exception for agency liability, and the FTCA acts as a waiver of sovereign immunity, the U.S. agency's may be held directly liable.

**B. Defendants are not liable under *respondeat superior* but rather through their own individual actions.**

Supervisors are not immune from *Bivens* actions. *Turkmen v. Ashcroft,* 915 F.Supp.2d 314, 337 (E.D.N.Y. 2013). Because *Ashcroft v. Iqbal* ended traditional supervisory liability in *Bivens* claims, in order for Plaintiff to assert a *Bivens* claim he must simply "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, at 676. Personal involvement of a supervisory official may be established by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995). Claims premised on putatively deficient supervision and training are generally analyzed pursuant to the deliberate indifference *Colon* factor. *See, Davis v. City of New York,* 959 F.Supp.2d 324, 337-38 (S.D.N.Y. 2013); *Mimms v. Carr,* 2011 WL 2360059 at *13 (E.D.N.Y. 2011). "Deliberate indifference may be inferred where the need for more or better supervision to protect against constitutional violations was obvious, but the policymaker failed to make meaningful efforts to address the risk of harm to plaintiffs." *Cash v. County of Erie,* 654 F.3d 324, 334 (2d Cir. 2011). Moreover, "the party invoking qualified immunity bears the burden of offering proof that it was objectively reasonably that her actions did not violate a clearly established right and that she is entitled to qualified immunity." *Young v. Selsky,* 41 F.3d 47, 54 (2d Cir. 1994).

In *Vazquez-Mentado v. Buitron,* a naturalized U.S. citizen of Mexican descent was wrongfully arrested and detained for 90 minutes by Customs and Border Patrol Agents in

Oswego, N.Y., despite his continuous pleas that he was a U.S. citizen. 2014 WL 318329 (N.D.N.Y. 2014). The plaintiff asserted that the Buffalo, New York sector of the U.S. Border Patrol fostered a pattern and practice of unlawful detentions and arrests of U.S. citizens. The complaint was filed, among others, against the trainer and supervisor of the agents for promulgating policies, establishing customs and issuing orders resulting in the perpetuation of similar violations. Upon reviewing the defendant-government's motion to dismiss, the Court held that, as a matter of law, the supervisor did not act reasonably in failing to provide necessary training and supervision, fostering a reward policy, incentivizing arrests and discrimination of Mexican Americans. *Id.* at 8.

In the instant case, the cause of action against Defendants is not to hold high-level officials and supervisors responsible for isolated activities of remote local officials in Upstate New York. This case is strikingly similar to *Vazquez-Mentado,* where the plaintiff, a Mexican-American, filed suit against the Buffalo sector of the U.S. Customs and Border Protection, because here, Plaintiff's (also a Mexican-American) injuries are the result of systemic, discriminatory policies and practices perpetuated by government approval—namely, the targeting, questioning and seizure of Hispanics in and around Upstate New York, far from the border. This was exactly the same "pattern" that the court reproached in *Vazquez-Mentado.* The personal involvement of government supervisors stems directly from setting in motion a series of acts that caused the Plaintiff to be detained after officers demanded his identification because of his Mexican appearance. Because the defendant-supervisors in this case have failed to train and appropriately supervise border patrol agents, their actions constitute deliberate indifference to protect against further unlawful arrests. Defendants have failed to offer any proof that such actions are objectively reasonably for qualified immunity.

For the foregoing reasons, this Court should deny Defendants' motion.

**POINT V**

**THE FTCA PROVIDES JURISDICTION AND WAIVES SOVEREIGN IMMUNITY OF THE UNITED STATES.**

The Federal Torts Claims Act provides jurisdiction in federal courts and waives sovereign immunity of the United States for:

> "claims against the United States, for money damages…for…personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place whre the act or omission occurred. 28 U.S.C.A. § 1346(b)(1); *see also* 28 U.S.C.A. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.").

Additionally, FTCA expressly waives sovereign immunity for private suits for personal injury caused by an assault, battery, false arrest and abuse of process committed by an investigative or law enforcement officer of the United States Government. 28 U.S.C.A. § 2680(h). An investigative or law enforcement officer includes any officer of the United States who is empowered by law to make arrests for violations of Federal law. *Id.* "[Immigration] agents are 'investigative or law enforcement officers' within the meaning of 28 U.S.C.A. § 2680(h)." *Caban v. U.S.,* 728 F.2d 68, 72 (2d Cir. 1984).

The FTCA directs courts to state law to determine whether the government is liable for the torts of its employees. *FDIC v. Meyer,* 510 U.S. 471, 478 (1994). Furthermore, the Act mandates a comparison to the state-law liability of private entities, not to that of public entities, even in the performance of activities which private persons do not perform. *U.S. v. Olson,* 546 U.S. 43, 46 (2005). As such, under New York law, the doctrine of *respondeat superior* renders

an employer vicariously liable for a tort committed by an employee while acting within the scope of employment. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir. 1995).

In *Liranzo v. U.S.,* a naturalized U.S. citizen, falsely arrested and imprisoned, brought suit against federal immigration officials. 690 F.3d 78 (2d Cir. 2012). The Government filed a motion to dismiss for lack of subject matter jurisdiction, arguing that no private analogue for federal immigration detention exists. *Id.* at 83-84. However, the Court held that because a comparable cause of action existed against private individuals pursuant to New York State in the form of false arrest and imprisonment, the action was not precluded under FTCA. Thus, § 2680(h) was applicable to the federal immigration officers, in an individual capacity.

In the present case, like *Liranzo*, where the Government argued that no private analogue for suits against federal immigration detentions exists, Plaintiff avers, among other claims, an intentional tort of false imprisonment, assault and battery. Contrary to Defendants' assertion that 28 U.S.C.A. § 2679(b)(1) grants immunity to individuals acting within their official capacity, § 2680(h) clearly carves an exception for immigration enforcement officers. Moreover, as Defendants have conceded, "on March 25, 2014, United States Attorney William J. Hochul, Jr. certified that each individual defendant was acting within the scope of his or her employment as a federal employee at all relevant times." *See,* Cerrone Dec, Exh. A. Thus, because § 2680(h) waives sovereign immunity under § 2679(d)(1), and Defendants admit that each individual was acting within the scope of their employment, Plaintiff's tort claims against Defendants are proper.

Therefore, Defendants' motion to dismiss should be denied in this regard too.

## POINT VI

## PLAINTTIF'S STATE LAW CLAIMS ARE INCORPORATED INTO THE *BIVENS* AND FTCA CLAIMS

As stated above, 28 U.S.C.A. § 1367 serves as the basis for supplementing jurisdiction whenever there is a claim arising under the Constitution and the relationship between that claim and a state claim permits the conclusion that the entire action before this Court comprises but one constitutional case. *United Mine Workers* at 725. The doctrine of *pendent* jurisdiction can also be applied in a Federal Tort Claims Act case to a state common law claim arising out of a common nucleus of operative fact even though there is otherwise no federal jurisdiction over the party against whom the state common law claim is asserted. *Verdi v. U.S.,* 636 F.Supp. 114 (E.D.N.Y. 1986). Moreover, although 28 U.S.C. § 2679(b) grants sovereign immunity to government employees from state law claims, as stated above, 28 U.S.C.A. § 2680(h) expressly excludes investigative and law enforcement officers.

The U.S. and its agencies can be held liable under *Bivens* and the FTCA because Plaintiff's injuries are derived from the Constitution, the FTCA and N.Y. tort law. Under these federal provisions, the implied cause of action is the federal analog to state law. *Iqbal* at 675; *see also Minneci v. Pollard,* (State-law remedies and a potential Bivens remedy for damages need not be perfectly congruent for a court to refrain from providing a new Bivens remedy). 2012 WL 43511 (U.S. S.Ct. 2012).

## CONCLUSION

FOR THE FOREGOING REASONS, this Court should deny Defendants' motion to dismiss and for summary judgment in its entirety.

DATED:  April 25, 2014                    **LAW OFFICES OF JOSE PEREZ, P.C.**

By:_____/S/ Jose E. Perez_____

Jose E. Perez, Esq.

Bar Number 515103

*Attorneys for Plaintiff*

120 E. Washington Street, Suite 925

Syracuse, New York 13202

Telephone:  (315) 422-5673

Fax: (315) 466-5673

joseperez@joseperezyourlawyer.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

           Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,         **ATTORNEY'S**
JANET NAPOLITANO, SECRETARY,                 **AFFIRMATION**
DEPARTMENT OF HOMELAND SECURITY,          13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

           Defendants.

_____

       I, Jose Enrique Perez, Esq., affirm under penalty of perjury as follows upon

information and belief:

1.  I am a member of the Law Offices of Jose Perez P.C., attorneys for the Plaintiff Peter

     Mares (hereinafter referred to as the "Plaintiff" and/or "Mr. Mares"). I am familiar

     with the facts and circumstances relevant to this civil action.

2.  I make this affirmation in further support of Plaintiff's Opposition to Defendants'
Motion to Dismiss; and for such other and further relief as this Court may deem just
and proper.

3.  I am an attorney duly admitted to practice law in the United States District Court for
the Western District of New York.

4.  The purpose of this attorney's affirmation is to submit Exhibits which will lend
support to Plaintiff's opposition and serve as evidence in opposition to Defendants'
motion:

   ➢ Plaintiff's Counsel Certificate of Service to US Attorney General dated April 16,
   2013, is attached hereto as **Exhibit A.**

   ➢ Plaintiff's Counsel Certificate of Service to WDNY US Attorney's Office dated
   April 16, 2013, is attached hereto as **Exhibit B.**

5.  Defendants are not entitled to dismissal, and the Court should enter an Order denying
Defendants' motion in its entirety.

DATED:  April 25, 2014          **LAW OFFICES OF JOSE PEREZ, P.C.**


                      By:_____/S/ Jose E. Perez_____
                               Jose E. Perez, Esq.
                               Bar Number 515103
                               *Attorneys for Plaintiff*
                               120 E. Washington Street, Suite 925
                               Syracuse, New York 13202
                               Telephone:  (315) 422-5673
                               Fax: (315) 466-5673
                               joseperez@joseperezyourlawyer.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER MARES,

          Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,        **CERTIFICATE**
JANET NAPOLITANO, SECRETARY,                       **OF SERVICE**
DEPARTMENT OF HOMELAND SECURITY,          13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,
          Defendants.

_____

    I, Jose Enrique Perez, certify and state that I am not a party to this action, am over 18 years of age, and reside in Baldwinsville, New York.  On April 16, 2013, I served a copy of Plaintiff's Summons and Complaint on the United States Attorney General, Eric Holder, at the following address: U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, via first-class mail.

Dated: April 16, 2013

                        Respectfully submitted,
                              /S/   Jose E. Perez
                        Jose E. Perez, Esq.
                        Bar Roll Number 515103
                        *Attorneys for Plaintiff*
                        120 E. Washington Street, Suite 925
                        Syracuse, New York 13202
                        Telephone:  (315) 422-5673
                        Fax: (315) 466-5673
                        joseperez@joseperezyourlawyer.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER MARES,

           Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                Defendants.

**CERTIFICATE
OF SERVICE**
13-CV-6187

_____

      I, Jose Enrique Perez, certify and state that I am not a party to this action, am over 18 years of age, and reside in Baldwinsville, New York.  On April 16, 2013, I served a copy of Plaintiff's Summons and Complaint on the United States Attorney Office for the Western District of New York, at the following address: 138 Delaware Ave, Buffalo, NY 14202, via first-class mail.

Dated: April 16, 2013

                         Respectfully submitted,

                            /S/   Jose E. Perez_____
                         Jose E. Perez, Esq.
                         Bar Roll Number 515103
                         *Attorneys for Plaintiff*
                         120 E. Washington Street, Suite 925
                         Syracuse, New York 13202
                         Telephone:  (315) 422-5673
                         Fax: (315) 466-5673
                         joseperez@joseperezyourlawyer.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

            Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,        **CERTIFICATE**
JANET NAPOLITANO, SECRETARY,                      **OF SERVICE**
DEPARTMENT OF HOMELAND SECURITY,         13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

            Defendants.

_____

      I, Jose Enrique Perez, certify and state that I am not a party to this action, am over 18 years of age, and reside in Baldwinsville, New York.  On April 25, 2014, I filed and served Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Attorney's Affirmation with exhibits, in the above-captioned action to:

                                    Defendants

by uploading a copy of each document to the CM/ECF system for the United States District Court, W.D.N.Y., which sent electronic notification to the Defendants.

Dated: April 25, 2014

Respectfully submitted,
_____ /S/   Jose E. Perez_____
Jose E. Perez, Esq.
Bar Roll Number 515103
*Attorneys for Plaintiff*
120 E. Washington Street, Suite 925
Syracuse, New York 13202
Telephone:  (315) 422-5673
Fax: (315) 466-5673
joseperez@joseperezyourlawyer.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PETER MARES,

                          Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,                    13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                          Defendants.

_____

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of defendants United

States of America, U.S. Customs and Border Protection ("CBP"), former Secretary of the

1

Department of Homeland Security ("DHS") Janet Napolitano ("Napolitano"), former DHS Acting General Counsel John Sandweg ("Sandweg"), former CBP Chief Counsel Alfonso Robles ("Robles"), CBP Deputy Commissioner Thomas Winkowski ("Winkowski"), and Border Patrol Agents Matthew Dion ("Dion"), Zenaida McIvor ("McIvor")[1], and Jerrad Bell ("Bell") in further support of their motion to dismiss.

## ARGUMENT

## POINT I

## THIS ACTION SHOULD BE DISMISSED FOR IMPROPER SERVICE

In opposition to defendants' motion to dismiss, plaintiff makes several arguments that service has either been made or defects in service should be excused. First, plaintiff argues that defendants consented to service of process by electronic means under Fed. R. Civ. P. 5(b)(2)(E) and the Western District of New York Administrative Procedures Guide, § 2(f)(i). Docket # 16, pp. 5-6. This argument is frivolous. Rule 4 sets forth the requirements for service of process. In particular, Rule 4(i) governs service of process of the United States, United States agencies, and United States officers and employees. Rule 5 governs the service of interlocutory papers after issue has been joined. Fed. R. Civ. P. 5(a)(1) (Rule 5 applies to "the following papers … : (B) a pleading filed *after the original complaint* ….") (emphasis added). Indeed, the case relied upon by plaintiff, Kolerski v. U.S., No. 06CV422S, 2007 WL 2325856 at * 3 (W.D.N.Y. Aug. 13, 2007), concerned the electronic service of a motion to compel, an order granting a motion to compel, and a motion to preclude. Kolerski did *not* hold that service of process may be

---

[1] Sued incorrectly herein as "Z. Mevior".

2

accomplished electronically under Rule 5. Thus, Rule 5 does not govern service of the summons and complaint on a party. See Flora v. LG Electronics U.S.A., Inc., Civil Action No. 13–CV–13362, 2013 WL 4805693 at * 1 (E.D. Mich. Sept. 9, 2013) ("Rule 4 governs the service of process while Rule 5 governs the service of all papers thereafter.").[2]

Second, plaintiff claims that service is sufficient because defendants had actual notice of this action. Docket # 16, p. 6.[3] He further asserts that requiring proper service on the United States Attorney and the Attorney General under Rule 4(i) "would be superfluous and unnecessary." Id. Plaintiff's position shows a lack of understanding of the basics of federal court jurisdiction. Service of process is not some technical procedural rule that the parties or the courts can ignore. Rather, plaintiff must complete service of process under Rule 4 in order for this Court to exercise personal jurisdiction over the defendants. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). As a result, it is well-established that a defendant's actual notice of a suit is insufficient to defeat a Rule 12(b)(5) motion where service under Rule 4 was improper. See e.g., Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C .V., 451 F.Supp.2d 585, 589 (S.D.N.Y.2006) (defective service is not cured "on the mere assertion that a defendant had actual notice.") (internal quotation marks omitted). And, it has

---

[2] Moreover, even if plaintiff's Rule 5 argument were correct (it is clearly not), the only person connected with defendants who has consented to electronic service under Fed. R. Civ. P. 5(b)(2)(E) and the Western District of New York Administrative Procedures Guide is undersigned counsel. None of the defendants have so consented. Plaintiff also fails to even allege that electronic service of the summons and complaint was made on the defendants. A review of the Docket shows that no such service was made.

[3] Defendants acknowledge that they did have actual notice of this suit. See Docket # 7.

repeatedly been held that service on the United States Attorney and the Attorney General is necessary to properly serve the United States, its agencies, and employees regardless of actual notice.  See e.g., Arndt v. Napolitano, 495 Fed.Appx. 178, 179 (2d Cir. Sept. 10, 2012) (summary order) (rejecting claim that it was not necessary to serve the United States Attorney because he had actual notice of the suit as a result of service on the Department of Homeland Security).[4]

Third, in response to defendants' argument that Robles was not properly served because he retired before service was made on his former business address, plaintiff argues that CBP headquarters should be deemed Robles' "actual place of business" at the time of service because he only retired six days before the date of service.  Docket # 16, pp. 7-8.  It is well-settled, however, that, once a person retires, his former place of business no longer qualifies as his "actual place of business" for purposes of N.Y. CPLR § 308(2).  Continental Hosts, Ltd. v. Levine, 170 A.D.2d 430, 565 N.Y.S.2d 222 (2d Dep't 1991) (finding improper service of process where defendant had not been located at the former place of business for five years before time of service); Balendran v. North Shore Medical Group, P.C., 251 A.D.2d 522, 674 N.Y.S.2d 724 (2d Dept 1998) (finding improper service of process where defendant physician retired from medical practice 21 months before service); see also Feinstein v. Bergner, 48 N.Y.2d 234, 422 N.Y.S.2d 356 (1979) (service at last known address of defendant is insufficient under "usual place of

---

[4] Plaintiff cites Pollock v. Meese, 737 F.Supp. 663, 671 n.8 (D.D.C. 1990) in support of the proposition that technical errors in serving the United States should be excused.  However, Pollock actually supports defendants' position in this case as the Court in Pollock dismissed the case for failure to properly serve the individual federal employees in a Bivens suit.  Id. at 671.  The footnote cited by plaintiff refers to Jordan v. United States, 694 F.2d 833, 836 (D.C.Cir.1982).  The Court in Jordan held that the failure to properly serve could be excused if a four factor test was satisfied.  That issue will be addressed in this brief below.

abode" standard in CPLR 308(2)).  Moreover, the short period of time in which Robles

was retired at the time of service should not matter as CBP headquarters was clearly not

his "actual place of business" at the time of service.  Tellingly, plaintiff fails to cite to a

single case to support the notion that a retired employee is still deemed to be present at his

former place of business for purposes of service of process.[5]  The cases plaintiff does cite

are inapposite.  The Court in Nolan v. City of Yonkers, 168 F.R.D. 140, 143 (S.D.N.Y.

1996) found that service at police headquarters was sufficient service on a police officer

who worked, not at headquarters, but at a precinct.  Similarly, Colon v. Beekman

Downtown Hosp., 111 A.D.2d 841, 490 N.Y.S.2d 581 (2d Dep't 1985) concerned an

employee of a hospital who contested service because the leave and mail service was done

at the hospital administration office rather than the specific department in which he

worked.  Nolan and Colon are easily distinguishable as Robles did not work for CBP *at*

*all* at the time of service.  Plaintiff also relies on Sassower v. City of White Plains, No. 89

Civ. 1267 (MJL), 1993 WL 378862 at * 7 (S.D.N.Y Sept. 24, 1993).  Sassower is also

inapplicable to this case as the subject defendant was not retired at the time of service.[6]

---

[5] There is a line of cases holding that a person's former place of business can qualify as his actual place of business for purposes of service of process where the former employee still publicly holds out that business location as his own.  See e.g., Vid v. Kaufman, 724 N.Y.S.2d 756, 757, 282 A.D.2d 739, 740, (2d Dep't 2001) (finding proper service where defendant's former place of business still contained his name on the door to the office and on official business cards).  However, plaintiff has not provided any evidence that Robles continued to hold out CBP headquarters as his actual place of business after his retirement.

[6] Plaintiff contends that the motion to dismiss should be denied because Robles did not submit an affidavit denying receipt of the summons and complaint.  Docket # 16, p. 8.  However, having submitted a declaration showing that process was not served on Robles' actual place of business, the burden shifts to plaintiff to show that process was properly served.  See e.g., Preston v. New York, 223 F.Supp.2d 452, 466 (S.D.N.Y.2002) (where a defendant raises a Rule 12(b)(5) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.").  Plaintiff's only contention with regard to Robles is that CBP headquarters should qualify as his actual place of business even though he was retired at the time of service.  That argument must be rejected as

Lastly, plaintiff argues that, if service is found deficient, he should be given additional time to complete service under Rule 4(m).  Docket # 16, pp. 8-12.  Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under the second clause of Rule 4(m), a court *must* grant additional time to serve if good cause is shown.   "Good cause" has been held to apply only in "exceptional circumstances" beyond a party's control.  Spinale v. U.S., No. 03CIV1704KMWJCF, 2005 WL 659150 at * 3 (S.D.N.Y. Mar. 16, 2005).  The courts have not precisely defined what constitutes "exceptional circumstances" but they have been very clear that "an attorney's inadvertence, neglect, mistake or misplaced reliance" does not pass muster. Beauvoir v. U.S. Secret Service, 234 F.R.D. 55 (E.D.N.Y. 2006) (citations and internal quotation marks omitted).  Here, plaintiff does not appear to argue that he had good cause under the second clause of Rule 4(m) but instead relies on the first clause of Rule 4(m).

The Second Circuit has interpreted the first clause of Rule 4(m) to also permit a court to grant additional time to serve *even in the absence of good cause*.  Zapata v. City of New York, 502 F.3d 192, 196–97 (2d Cir.2007).  Plaintiff cites to this Court's decision in Volat v. Runyon, No. 91–CV–720A, 1996 WL 931812 at * 2 (W.D.N.Y. Nov. 1, 1996) which in

---

argued above.  Moreover, even if Robles had received a copy of the process through some means, his actual notice is insufficient to defeat this motion as discussed above.

turn cites to the Second Circuit's decision in <u>Zankel v. United States</u>, 921 F.2d 432, 436 (2d Cir. 1990) as adopting a four factor test for determining whether relief should be granted under the first clause of Rule 4(m). Docket # 16, p. 8. The four factors are whether: (i) the defendant had actual notice of the suit; (ii) the defendant would be prejudiced by an extension of the service period; (iii) plaintiff offered a justifiable excuse for the failure to timely serve; and (iv) plaintiff would be prejudiced by the denial of an extension of the time to serve. <u>Zankel</u>, 921 F.2d at 436. <u>Zankel</u> and its four factor test was rendered in 1990 in interpreting then Rule 4(j) prior to the 1993 amendments which created the present Rule 4(m). Nevertheless, while the Second Circuit in <u>Zapata</u> did not explicitly endorse the four factor test, it considered at least three of the factors in its decision. <u>Zapata</u>, 502 F.3d at 196-199. Accordingly, defendants will assess plaintiff's 4(m) argument under the four factor test.

In weighing and balancing the four factors, it is clear that plaintiff's request for an extension under Rule 4(m) should be denied. Under the first factor, defendants acknowledge that they had actual notice of this suit. <u>See</u> Docket # 7. Under the second factor, however, defendants will suffer significant prejudice if an extension of the time to serve is granted. Plaintiff filed this action just five days before the expiration of the statute of limitations. <u>See</u> Docket # 1 (incident occurred on April 16, 2010 and suit was filed on April 11, 2013). Service was made on the first defendant on April 17, 2013 after the expiration of the statute of limitations. <u>See</u> Docket # 8. As described in this motion, plaintiff has yet to properly complete service of process on the defendants under Rule 4(i), despite the fact that plaintiff was provided with notice of his service defects over 60 days ago. <u>See</u> Cerrone Reply Dec. It is now over one year since the expiration of the limitations period. If plaintiff's 4(m) argument is rejected, this case will be dismissed without prejudice

7

but plaintiff will be barred from re-filing because the case would be time barred. Thus, if an extension of time to serve is granted, defendants will be compelled to defend an action that should – by all rights -- be time barred. <u>Zapata</u>, 502 F.3d at 198 (it is proper to consider prejudice to defendant in having to defend a suit that would be time barred but for the grant of an extension under Rule 4(m)).[7] Under the third factor, plaintiff's counsel argues that he mailed process to the Attorney General and the U.S. Attorney's Office by regular mail and did not know he was supposed to send them by certified mail as required by Rule 4(i).[8] <u>See</u> Docket # 16, p. 11; Docket # 16-1, Exhs. A and B. Essentially, plaintiff is arguing that his lawyer's ignorance of Rule 4(i) should be excused. The courts have, however, refused to grant 4(m) extensions based on attorney ignorance of the Federal Rules. <u>See e.g.</u>, <u>Brockner v. McHugh</u>, No. 07–CV–703–JTC, 2010 WL 5072662 at * 2 (W.D.N.Y. Dec. 10, 2010) (collecting cases); <u>Rivera v. Warden of M.C.C.</u>, No. 95 Civ. 3779(CSH), 2000 WL 769206 at * 5 (S.D.N.Y. June 13, 2000) (collecting cases). Under the fourth factor, defendants concede that plaintiff would be prejudiced by a dismissal as any new suit would be time barred. In weighing these factors, plaintiff will be prejudiced if the 4(m) request is denied and defendant will be prejudiced if the request is granted. The deciding factor should be plaintiff's weak excuse for his failure to properly effect service. As the Second Circuit in

---

[7] Plaintiff makes a nonsensical argument that defendants have not been prejudiced by the defects in service because they "are not private citizens, but rather U.S. Attorneys General—the enforcers of the law." Docket # 16, p. 10. Where to begin? First, there is one Attorney General of the United States, Eric H. Holder, Jr. and he is not a defendant in this case. There is no such thing as "U.S. Attorneys General." The defendants are all current or former officers or employees of the Department of Homeland Security. Moreover, they are being sued in their individual capacity for money damages and are entitled to be treated the same as any private litigant before this Court.
[8] There is a significant question as to the validity of the certificates of service submitted by plaintiff's counsel. Although plaintiff claims he mailed process to the Attorney General and the U.S. Attorney, neither office ever received such process. <u>See</u> Docket # 11, 12. Moreover, the certificates of service were produced for the first time in opposition to this motion and were never previously filed with the Court.

8

Zapata held "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." 502 F.3d at 198. Moreover, plaintiff's argument, that he would have corrected the service deficiencies had he been notified sooner, rings quite hollow given that plaintiff *was* notified of the service defects over 60 days ago and still has not remedied them. Brockner, 2010 WL 5072662 at * 3 (denying 4(m) extension request on grounds that attorney failed to correct service deficiencies after they were pointed out to him); Cerrone Reply Declaration. Accordingly, plaintiff's request for additional time to serve under Rule 4(m) should be denied.[9]

Another argument for forgiveness of plaintiff's service failure – not raised by plaintiff – may be under Rule 4(i)(4) which reads as follows:

> The Court must allow a party a reasonable time to cure its failure to:
> (A) serve a person required to be served under Rule 4(i)(2) if the party
> has served either the United States Attorney or the Attorney General
> of the United States or (B) serve the United States under Rule 4(i)(3), if
> the party has served the United States officer or employee.

Rule 4(i)(4) essentially acts as a cure provision where a plaintiff fails to perform each of the steps necessary to complete service of process under Rules 4(i)(2) and 4(i)(3).

Here, Rule 4(i)(4) does not apply to defendant United States as the Rule, by its plain language, only applies to failure of service under Rule 4(i)(2) (federal agencies and federal officers or employees sued in their official capacities) and Rule 4(i)(3) (federal officers or employees sued in their individual capacities). Rule 4(i)(4) does not apply to defendant CBP as the cure provision applies only to failure to serve a "person" under Rule 4(i)(2) and CBP is obviously not a "person." Rule 4(i)(4) does not apply here to

---

[9] If the Court were inclined to grant additional time to serve, that request should be denied as to defendants Napolitano and Sandweg as plaintiff has not made the slightest effort to serve them.

defendants Napolitano, Sandweg, and Robles as Rule 4(i)(4) only allows a cure where the individual defendant has already been served.   There has been no attempted service on Napolitano or Sandweg and improper service on Robles.

The only defendants that arguably are covered by Rule 4(i)(4) are Winkowski, Dion, McIvor, and Bell.   Each of these defendants was served and, arguably, plaintiff should be entitled to cure the failure to serve the United States under Rule 4(i)(4). However, the Court should not grant relief under Rule 4(i)(4) because plaintiff has failed to cure the service defect after it was pointed out by defendant.   It is well-established that "notification to the plaintiff by the defendant … of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect."   Kurzberg v. Ashcroft, 619 F.3d 176, 184 (2d Cir. 2010); see also Fed. R. Civ. P. 4, Advisory Committee Notes (2000) ("A reasonable time to effect service on the United States must be allowed after the failure is pointed out.").   Here, plaintiff's counsel emailed undersigned counsel on March 12, 2014 inquiring when defendants intended to answer the complaint.   Cerrone Reply Dec., Exh. A.   Undersigned counsel notified plaintiff's counsel by email on March 13, 2014 that defendants had not answered the complaint "because service is not yet complete."   Cerrone Reply Dec., Exh. B.   The service defect was also, obviously, pointed out to plaintiff on this motion which was filed on April 1, 2014.   Docket # 9-14.   As of the date of this memorandum (May 16, 2014), plaintiff still has made no effort to cure the defects in his service.   Cerrone Reply Dec. This action was commenced on April 11, 2013.   Docket # 1.   Thus, plaintiff has failed to properly serve the defendants for approximately 13 months since the commencement of

this action and he has failed to cure his service defects after they were pointed out to plaintiff more than 60 days ago. By any measure, plaintiff has had more than a reasonable amount of time to cure his defective service. His failure to do so should now be fatal.

**POINT II**

**THE EXECUTIVE DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT**

In opposition to defendants' argument that Napolitano, Sandweg, Robles, and Winkowski should be dismissed due to lack of personal jurisdiction, plaintiff starts off his argument by confusing personal jurisdiction with subject matter jurisdiction. Docket # 16, pp. 12-13. He then relies entirely upon the allegations contained in paragraphs 8-23 of his complaint to establish personal jurisdiction over these defendants. Id. Paragraphs 8 and 10 of the complaint address subject matter jurisdiction, paragraph 9 addresses venue, and paragraphs 11-23 merely list the parties to the suit. None of these paragraphs describe any alleged connection between these defendants and the State of New York. Accordingly, defendants Napolitano, Sandweg, Robles, and Winkowski are entitled to dismissal as plaintiff has failed to even assert a prima facie basis for personal jurisdiction.

**POINT III**

**PLAINTIFF'S *BIVENS* CLAIMS MUST BE DISMISSED AS TO THE U.S. AND CBP AND HIS FTCA CLAIMS DISMISSED AS TO CBP AND THE INDIVIDUAL DEFENDANTS**

In Points IV and V of defendants' original memorandum, defendants were principally seeking to properly align plaintiff's causes of action with the parties against

11

whom they may be asserted.  Docket # 14, pp. 13-16.  The law is clear that a <u>Bivens</u> claim cannot be maintained against the United States or a federal agency but only against federal employees sued in their individual capacity.  Docket # 14, pp. 13-14.  An FTCA claim can only be asserted against the United States and cannot be maintained against agencies or individual employees.  Docket # 14, pp. 16-17.

Plaintiff's argument in opposition to these points is confusing and nonsensical. Docket # 16, pp.13-14, 17-18.  He appears to argue that the U.S. and CBP can be held liable under <u>Bivens</u> because of the FTCA's intentional tort exception.  Docket # 16, pp.13-14.  Plaintiff also argues that FTCA's intentional tort exception provides the basis for a claim against the individual defendants under the FTCA.  Docket # 16, pp. 17-18. These arguments are baseless.  Defendants agree that the U.S. may be sued under the FTCA for commission of an intentional tort committed by a law enforcement officer.  28 U.S.C. § 2680(h).  However, Section 2680(h) provides the basis for an *FTCA* suit against the U.S., not an implied claim under <u>Bivens</u>.  Moreover, the FTCA, by its plain language, bars suits against agencies and individual employees.  Docket # 14, pp. 16-17.  Section 2680(h) does *not* provide for a claim against individual law enforcement officers.  As the Supreme Court held in <u>Carlson v. Green</u>, 446 U.S. 14, 20, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), plaintiffs asserting claims based on intentional torts committed by law enforcement officers "shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights."  Accordingly, plaintiff's <u>Bivens</u> claims must be dismissed as against the U.S. and CBP and his FTCA claims dismissed as to all defendants except the U.S.

**POINT IV**

**PLAINTIFF'S BIVENS CLAIMS MUST BE DISMISSED AS AGAINST THE
EXECUTIVE DEFENDANTS**

In an effort to keep defendants Napolitano, Sandweg, Robles, and Winkowski in
this case, plaintiff cites to <u>Vazquez-Mentado v. Buitron</u>, No. 5:12–CV–0797 (LEK/ATB),
2014 WL 318329 (N.D.N.Y. Jan. 29, 2014).  In that case, a Mexican-American sued
CBP agents who arrested and detained him on the basis of their mistaken belief that he
was an undocumented alien.  <u>Id.</u> at * 1.  The district court dismissed the complaint as to a
supervisory agent finding the allegations of his personal involvement to be too
conclusory.  <u>Id.</u>  After plaintiff amended his complaint, the supervisory officer again
moved to dismiss.  <u>Id.</u>  In the amended complaint, plaintiff alleged that the supervisor had
created a bonus system for CBP agents tied to the number of arrests of undocumented
aliens which, plaintiff alleged, created an incentive to make wrongful arrests of
individuals such as plaintiff.  <u>Id.</u> at 3-5.  The Court sustained these allegations finding that
they met the <u>Iqbal</u> plausibility standard.

The problem for plaintiff, however, is that he makes no allegations specifically
against defendants Napolitano, Sandweg, Robles, and Winkowski.  Their names are not
even mentioned in the complaint after the introductory paragraphs.  Plaintiff makes
conclusory allegations that targeting of Mexican-Americans along the border resulted
from agency policy and practice.  Docket # 1, ¶¶ 41, 43, 49-51.  The conclusory nature of
plaintiff's allegations becomes readily apparent when comparing them with the specific
allegations in <u>Vazquez-Mentado</u> in which the plaintiff alleged the existence of a specific

13

policy put in place by a specific supervisory official.   The allegations in this case are far

too conclusory to satisfy the Iqbal test.

## POINT V

### PLAINTIFF'S STATE LAW TORT CLAIMS MUST BE DISMISSED

In an effort to save his state law claims, plaintiff relies principally on a case, Verdi

v. U.S., 636 F.Supp. 114 (E.D.N.Y. 1986), which held that a federal court, in an FTCA

suit against the U.S., may hear a related claim against a state municipality on the basis of

supplemental jurisdiction.   Verdi obviously has no relevance here.   Plaintiff also asserts,

as above, that the FTCA intentional tort exception, § 2680(h), provides for a basis to

assert state law claims against the defendants.   There is clearly incorrect as stated above

and in defendants' original memorandum.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss should be granted.

DATED:   Buffalo, New York, May 16, 2014

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:    S/Michael S. Cerrone
MICHAEL S. CERRONE
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
michael.cerrone@usdoj.gov
(716) 843-5851

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――

PETER MARES,

                              Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,
JANET NAPOLITANO, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,                    13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,

                              Defendants.
―――――――――――――――――――――――

## REPLY DECLARATION

**MICHAEL S. CERRONE,** makes this Declaration under penalties of perjury,

pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney duly licensed to practice in the State of New York and before

this Court, and am an Assistant United States Attorney in the Western District of New York.

    2.    I represent defendants United States of America, U.S. Customs and Border

Protection ("CBP"), former Secretary of the Department of Homeland Security ("DHS")

Janet Napolitano ("Napolitano"), former DHS Acting General Counsel John Sandweg ("Sandweg"), former CBP Chief Counsel Alfonso Robles ("Robles"), CBP Deputy Commissioner Thomas Winkowski ("Winkowski"), and Border Patrol Agents Matthew Dion ("Dion"), Zenaida McIvor ("McIvor")[1], and Jerrad Bell ("Bell").

3.      This Declaration is made in support of defendants' motion for an Order: (i) pursuant to Fed. R. Civ. P. 12(b)(2) and (5), dismissing this action for improper and untimely service and lack of personal jurisdiction; or, in the alternative, (ii) pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6), partially dismissing plaintiff's complaint; and (iii) pursuant to 28 U.S.C. § 2679(d)(1), substituting the United States as the sole defendant on plaintiff's claims asserted under the Federal Tort Claims Act.

4.      Plaintiff's counsel emailed me on March 12, 2014 inquiring when defendants intended to answer the complaint.   Exh. A.

5.      I notified plaintiff's counsel by email on March 13, 2014 that defendants had not answered the complaint "because service is not yet complete."   Exh. B.

DATED:      Buffalo, New York, May 16, 2014.


                                        S/Michael S. Cerrone
                                        MICHAEL S. CERRONE
                                        Assistant U.S. Attorney


---

1 Sued incorrectly herein as "Z. Mevior".

**EXHIBIT A**

**Cerrone, Michael (USANYW)**

| | |
|---|---|
| **From:** | Jose Enrique Perez <joseperez@josepereztuabogado.com> |
| **Sent:** | Wednesday, March 12, 2014 3:32 PM |
| **To:** | Cerrone, Michael (USANYW) |
| **Cc:** | joseperez@joseperezyourlawyer.com |
| **Subject:** | Activity in Case 6:13-cv-06187-CJS Mares v. United States et al. |

**Importance:**          High

Mr. Cerrone,

I would like to know what is the status of the Answer in this matter.  The affidavit of service for most defendants were filed a few months back.

In addition, I would like to know if you are willing to accept service on behalf of the new head of the Department of Homeland Security.

I look forward to hearing from you.

Thank you.

Jose E. Perez, Esq.

Law Offices of Jose Perez/Oficinas del Abogado Jose Perez, P.C.

120 East Washington Street, Suite 925

Syracuse, New York 13202

(t) (315) 422-5673

(f) (315) 466-5673

joseperez@joseperezyourlawyer.com

joseperez@josepereztuabogado.com


www.josepereztuabogado.com
www.joseperezyourlawyer.com


NOTICE: This e-mail message and any attachment(s) to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 315-422-5673 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message, or any attachment(s) may not have been produced by the Law Offices of Jose Perez, P.C. Thank you.

**EXHIBIT B**

**Cerrone, Michael (USANYW)**

| | |
|---|---|
| **From:** | Cerrone, Michael (USANYW) |
| **Sent:** | Thursday, March 13, 2014 9:28 AM |
| **To:** | 'Jose Enrique Perez' |
| **Subject:** | RE: Activity in Case 6:13-cv-06187-CJS Mares v. United States et al. |

Mr. Perez:

We have not answered because service is not yet complete even with respect to the defendants for whom you have filed affidavits of service.  Unfortunately, I am not authorized to accept service on behalf of government officials.



Michael S. Cerrone
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, NY 14202
(716) 843-5851
michael.cerrone@usdoj.gov

**From:** Jose Enrique Perez [mailto:joseperez@josepereztuabogado.com]
**Sent:** Wednesday, March 12, 2014 3:32 PM
**To:** Cerrone, Michael (USANYW)
**Cc:** joseperez@joseperezyourlawyer.com
**Subject:** Activity in Case 6:13-cv-06187-CJS Mares v. United States et al.
**Importance:** High

Mr. Cerrone,

I would like to know what is the status of the Answer in this matter.  The affidavit of service for most defendants were filed a few months back.

In addition, I would like to know if you are willing to accept service on behalf of the new head of the Department of Homeland Security.

I look forward to hearing from you.

Thank you.

Jose E. Perez, Esq.

Law Offices of Jose Perez/Oficinas del Abogado Jose Perez, P.C.

120 East Washington Street, Suite 925

Syracuse, New York 13202

(t) (315) 422-5673

(f) (315) 466-5673

joseperez@joseperezyourlawyer.com

joseperez@josepereztuabogado.com


www.josepereztuabogado.com
www.joseperezyourlawyer.com


NOTICE: This e-mail message and any attachment(s) to this e-mail message contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at 315-422-5673 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message, or any attachment(s) may not have been produced by the Law Offices of Jose Perez, P.C. Thank you.

AO 450 (Rev. 11/11)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of NY

| | |
|---|---|
| PETER MARES,<br>*Plaintiff*<br>v. | Civil Action No.   13cv6187 |
| UNITED STATES OF AMERICA, THE UNITED STATES CUSTOM AND BORDER PROTECTION, JANET NAPOLITANO Secretary of the Department of Homeland Security, JOHN SANDWEG General Counsel of the Department of Homeland Security, ALFONSO ROBLES Chief Counsel of the Customs and Border Protection Agency, THOMAS S. WIN-KOWSKI, Deputy Commissioner of the Customs and Border Protection Agency, J. BELL Border Pa-trol Agent, Z. MEVIOR Border Patrol Agent, M. DI-ON Border Patrol Agent, and JOHN AND JANE DOES 1–10,<br>*Defendant* | )<br>)<br>)<br>)<br>) |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ _____ .

☐ other: _____ _____ _____ .

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☒ decided by Judge   Charles J. Siragusa _____ on a motion for   dismissal _____ in favor of defendants'. _____ .

Date: _____06/06/2014_____                    *CLERK OF COURT*

Signature of Clerk or Deputy Clerk

**Federal Rules of Appellate Procedure Form 1.   Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court.**

United States District Court for the District of
WESTERN DISTRICT OF NEW YORK

File Number  13-CV-6187

PETER MARES                        )
           *Plaintiff,*        )
       v.                          )                    Notice of Appeal

                               )
UNITED STATES OF AMERICA▪ )
           *Defendant.*        )

Notice is hereby given that  PETER MARES                                    , (plaintiffs) (defendants) in the above-named case*, hereby appeal to the United States Court of Appeals for the  Second     Circuit (from the final judgment) (from an order (describing it)) entered in this action on the  6th      day of  June                  , 19 14 .

                              /s/
                              Jose Enrique Perez
                                Attorney for
                              Plaintiff
                                Address:
                                120 E. Washington St. Suite 925, Syracuse, NY 13202

*See Rule 3(c) for permissible ways of identifying appellants

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,
                         Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED            **CERTIFICATE**
STATES CUSTOMS AND BORDER PROTECTION,       **OF SERVICE**
JANET NAPOLITANO, SECRETARY,                13-CV-6187
DEPARTMENT OF HOMELAND SECURITY,
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,
                         Defendants.
_____

     I, Jose Enrique Perez, certify and state that I am not a party to this action, am over 18 years of age, and reside in Baldwinsville, New York.  On May 20, 2014, I served a copy of Plaintiff's Summons and Complaint on the United States Attorney General, Eric Holder, at the following address: U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, via USPS certified mail.

Dated: May 20, 2014

                         Respectfully submitted,
                         _____/S/___Jose E. Perez_____
                         Jose E. Perez, Esq.
                         Bar Roll Number 515103
                         *Attorneys for Plaintiff*
                         120 E. Washington Street, Suite 925
                         Syracuse, New York 13202
                         Telephone:  (315) 422-5673
                         Fax: (315) 466-5673
                         joseperez@joseperezyourlawyer.com

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>US Atty General<br>US Dept of Justice<br>950 Pennsylvania Ave NW<br>Washington DC<br>20530-0001 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br>JUN 02<br>JUN 02 2014<br>3. Service Type<br>☒ Certified Mail® ☐ Priority Mail Express™<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ Collect on Delivery<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7014 0150 0001 3876 4641 |
| PS Form 3811, July 2013 | Domestic Return Receipt |

-A 158 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER MARES,

                Plaintiff,

v.

UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS AND BORDER PROTECTION,        **CERTIFICATE**
JANET NAPOLITANO, SECRETARY,               **OF SERVICE**
DEPARTMENT OF HOMELAND SECURITY,        13-CV-6187
JOHN SANDWEG, OFFICE OF GENERAL
COUNSEL, DEPARTMENT OF HOMELAND SECURITY,
ALFONSO ROBLES, CHIEF COUNSEL, CUSTOMS
AND BORDER PROTECTION, THOMAS S. WINKOWSKI,
DEPUTY COMMISSION, CUSTOMS AND BORDER
PROTECTION, BORDER PATROL AGENT J. BELL,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT Z. MEVIOR,
INDIVIDUALLY AND AS A BORDER PATROL AGENT,
BORDER PATROL AGENT M. DION,
INDIVIDUALLY, AND AS A BORDER PATROL AGENT,
AND JOHN AND JANE DOES 1-10, INDIVIDUALLY
AND AS BORDER PATROL AGENTS,
                Defendants.
_____

      I, Jose Enrique Perez, certify and state that I am not a party to this action, am over 18 years of age, and reside in Baldwinsville, New York.  On May 20, 2014, I served a copy of Plaintiff's Summons and Complaint on the United States Attorney Office for the Western District of New York, at the following address: 138 Delaware Ave, Buffalo, NY 14202, via USPS certified mail.

Dated: May 20, 2014

                            Respectfully submitted,
                            _____/S/   Jose E. Perez_____
                            Jose E. Perez, Esq.
                            Bar Roll Number 515103
                            *Attorneys for Plaintiff*
                            120 E. Washington Street, Suite 925
                            Syracuse, New York 13202
                            Telephone:  (315) 422-5673
                            Fax: (315) 466-5673
                            joseperez@josepereyourlawyer.com

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☑ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>US Attorney office for<br>The Western District NY<br>138 Delaware Av.<br>Buffalo, NY 14202 . | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>MAY 27 2014<br><br>3. Service Type<br>☑ Certified Mail ☐ Priority Mail Express™<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ Collect on Delivery<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7014 0150 0001 3876 4627 |
| PS Form 3811, July 2013 | Domestic Return Receipt |