# 14-2396

### In the
## United States Court of Appeals
## For the Second Circuit

PETER MARES,

PLAINTIFF-APPELLANT

-against-

UNITED STATES OF AMERICA, THE UNITED STATES CUSTOM AND BORDER PROTECTION, JANET NAPOLITANO *Secretary of the Department of Homeland Security,* JOHN SANDWEG *General Counsel of the Department of Homeland Security,* ALFONSO ROBLES *Chief Counsel of the Customs and Border Protection Agency,* THOMAS S. WINKOWSKI, *Deputy Commissioner of the Customs and Border Protection Agency,* J. BELL *Border Patrol Agent,* Z. MEVIOR *Border Patrol Agent,* M. DION *Border Patrol Agent,* and JOHN AND JANE DOES 1-10,

DEFENDANTS-APPELLEES

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

---

## BRIEF FOR PLAINTIFF-APPELLANT

---

Jose Perez, Esquire
Law Offices of Jose Perez, P.C.
120 East Washington Street, Suite 925
Syracuse, New York 13202
Telephone: 315-480-5085
joseperez@joseperezyourlawyer.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**.................................................................3

**QUESTION PRESENTED FOR REVIEW** .......................................4

**PRELIMINARY STATEMENT** .........................................................5

**JURISDICTIONAL STATEMENT** ...................................................5

**STATEMENT OF THE CASE** ...........................................................6

**SUMMARY OF ARGUMENT** ...........................................................8

**ARGUMENT** .......................................................................................10

**I. THE DISTRICT COURT DID NOT APPLY *ZANKEL* CORRECTLY** ....10

    A. Even if Plaintiff cannot satisfy the justifiable excuse element, the Government also bears substantial responsibility for causing the defect in service.....................................................................12

    B. The District Court failed to consider the fact that Defendants made no presentation of prejudice. ......................................................15

**CONCLUSION** ...................................................................................18

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)** ..............19

**CERTIFICATE OF SERVICE**.........................................................20

**ADDENDUM** .....................................................................................21

# TABLE OF AUTHORITIES

<u>Cases</u>

*Basovitch v. U.S.* 1991 WL 148501 (E.D.N.Y. 1991) ............................................15

*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S.

388 (1971) .................................................................................................................5

*Henderson v. U.S.,* 517 U.S. 654 (1996) ...............................................................11

*McGregor v. U.S.,* 933 F.2d 156 (2d Cir. 1991) ...........................................9,13,14

*Thompson v. Maldonado,* 309 F.3d 107 (2d Cir. 2002) ........................................10

*U.S. v. Carr,* 80 F.3d 413, 420 (10th Cir. 1996) ...................................................15

*U.S. v. Schmidt,* 373 F.3d 100, 102 (2d Cir. 2004) ...............................................15

*Vance v. United States,* F.R.D. 14 (E.D.N.Y. 1989) .............................................12

*Zankel v. U.S.,* 921 F.2d 432 (2d Cir. 1990) ...................................................*passim*

*Zapata v. City of New York,* 502 F.3d 192 (2d Cir. 2007) ....................................11


<u>Statutes</u>

28 U.S.C. § 1331.......................................................................................................5

28 U.S.C. § 1291.......................................................................................................5

Fed. R. App. P. 32(a)(7)(B)....................................................................................19

Fed. R. App. P. 32(a)(6)..........................................................................................19

Fed. R. Civ. P. 4(i)(l) ...............................................................................4,10,11,22

Fed. R. Civ. P. 4(m)..................................................................................... 4,11,22

Fed. R. Cr. P. 11(d)(2)(B) ......................................................................................15

## QUESTION PRESENTED FOR REVIEW

Whether the District Court abused its discretion by issuing an order dismissing Plaintiff's action, after applying *Zankel v. U.S.,* 921 F.2d 432 (2d Cir. 1990) in evaluating Plaintiff's claim finding a failure to strictly comply with the service requirements of Federal Rules of Civil Procedure Rule 4(m) even though Plaintiff served Defendants with process after Defendants' counsel belatedly notified Plaintiff that service had not been properly effected, and the statute of limitations would bar Plaintiff from commencing a new action, trumping any prejudice to the government Defendants who had actual notice.

## PRELIMINARY STATEMENT

This appeal seeks to reverse an Order of the United States District Court, Western District of New York (Honorable Charles J. Siragusa), dated June 5, 2014, which granted Defendants' Motion to Dismiss; thus time barring Plaintiff's claims. This suit was brought against the United States, its agencies and agents under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), the Federal Torts Claims Act and New York common law torts of assault, false imprisonment, and both negligent and intentional infliction of emotional distress.

## JURISDICTIONAL STATEMENT

Jurisdiction for the district court proceeding is founded upon 28 U.S.C. § 1331, which provides that "district courts shall have jurisdiction of all civil cases arising under the Constitution, laws or treaties of the United States."

The basis for appellate jurisdiction for the instant appeal is founded upon 28 U.S.C. § 1291 which provides that "[t]he courts of appeal…shall have jurisdiction of appeals from all final decisions of the district courts of the United States." This is an appeal from a final Order and Decision by the Western District of New York granting Defendants-Appellees Motion to Dismiss and denying Plaintiff's Opposition and cross-motion for extension of time in the alternative. The Decision

and Order granting Defendants' Motion to Dismiss was dated June 5, 2014 and disposed all parties and claims. A Notice of Appeal was filed on June 30th, 2014.

## STATEMENT OF THE CASE

Plaintiff-Appellant Peter Mares is a United States citizen of Mexican descent and recognized community leader in Sodus, New York. On April 16, 2010, Mr. Mares, while acting as a translator for a friend stopped by local police, was detained, frisked, handcuffed, physically forced to the ground and interrogated by CBP enforcement agents, who subsequently arrived on scene. Mr. Mares was detained solely on the basis of his appearance and accent. J.A. at 12-14.

Plaintiff filed his complaint on April 11, 2013, five days before the statute of limitations expired. Plaintiff successfully served Defendants and CBP agents Winkowski, Dion, McIvor and Bell. The U.S. Attorney's Office was served by mail; however, not registered mail as required by Fed. R. Civ. P. Rule 4(m). Because the U.S. Attorney's Office is a registered user of the federal electronic filing system, an email was sent to the registered addresses on file with the Clerk's Office for Western District of New York immediately after the complaint was filed. Thus, the U.S. Attorney's Office had actual notice of the cause of action on or around April 11, 2013.

Plaintiff's attorney contacted the U.S. Attorney's Office on March 12, 2014 inquiring about the delayed response. Only after Plaintiff's message did

Defendants' counsel communicate that service had not been properly effected, tersely stating "because service is not yet complete." This occurred by email on March 13, 2014. J.A. at 152. This was the first notice Plaintiff's counsel received of defective service, eleven months after the fact. Because the U.S. Attorney's Office refused to disclose the precise defect, Plaintiff's counsel conducted his own diligence. The U.S. Attorney's Office remained mum, waiting the while and letting the clock run. Had the U.S. Attorney's Office notified Plaintiff in a timely manner of its defense of defective service, Plaintiff could have taken the steps to cure the defect. Instead, Defendants' counsel waited well beyond the 120-day time limit for completion of service.

Only after Defendants' Motion to Dismiss was filed on April 1, 2014, did Plaintiff discover that the U.S. Attorney's Office had never received the summons and complaint via certified mail. J.A. at 72-74. Plaintiff then promptly submitted an Opposition to Defendants' Motion to Dismiss on April 25, 2014 (an argument based primarily on the U.S. Assistant Attorney's actual notice through the electronic filing system). J.A. at 105.

Because the allotted 120 days for remedying service had obviously passed— making any attempt without court approval futile—Plaintiff moved in the alternative for an extension of time to properly serve Defendants. J.A. at 116. But Defendants' Reply dated May 16, 2014 argued to the Court that service was yet

completed and the clock for a reasonable remedy began running the moment Plaintiff's counsel was notified: March 13, 2014. The District Court's Order dismissed the alternative request for an extension applying the lapse between March 13th and the date of the final decision as the metric for reasonableness to cure the defect. J.A. at 139.

## SUMMARY OF ARGUMENT

A copy of a summons and complaint by registered or certified mail must be delivered to the U.S. Attorney General and the relevant government officer or agency within 120 days of filing. The District Court, in its final decision, correctly pointed out that there are two types of extensions to the 120-day time limit: the explicit Rule (4)(m) extension and the discretionary extension, advocated by the Advisory Committee notes and applied by the Western District of New York.

Under Rule (4)(m)—the explicit rule—if a Plaintiff demonstrates good cause, the Court must grant an extension. If good cause cannot be found, the district court has discretion to grant an exception. In the Second Circuit, *Zankel v. U.S.*, 921 F.2d 432 (2d Cir. 1990) is the leading case on what qualifies as an exception when good cause is lacking. There are four factors that must be satisfied for the *Zankel* exception to apply. The District Court found that Plaintiff did not satisfy two of the four factors: (1) Plaintiff did not have a justifiable excuse; and (2) Defendants would suffer prejudice from an extension.

In *McGregor v. U.S.,* 933 F.2d 156 (2d Cir. 1991), this Court clarified its ruling in *Zankel* by explaining that the "lack of justifiable excuse does not absolutely preclude relief from dismissal if there is evidence that the government also bears a substantial responsibility causing the defect in service." at 161. Defendants' did not notify Plaintiff's attorney of the improper service until after Plaintiff's attorney emailed the U.S. Attorney's Office, inquiring about his response. The first notice Plaintiff received of Defendants' defense of improper service was eleven months after he filed his original complaint. Because the complaint was filed days before the statute of limitations expired, the claims are now time barred. Had Plaintiff been aware of the service defects, he would have remedied the problem within the 120-day time allotment, saving the suit from permanent dismissal.

The defendants in this case are the U.S. government, its agencies and agents, not private citizens. Prejudice to Defendants, who are backed by substantial resources and funding, is not evinced by merely expending time to defend a case; but rather it is shown by the loss of evidence, witnesses or other factors related to the passage of time. Moreover, Defendants have not shown that their defense has been substantially affected. In other words, no presentation has been made that their defense strategy has diminished. They have not shown any loss of material

evidence or witnesses resulting from the passage of time. The District Court did not apply this reasoning.

Furthermore, the Court improperly dismissed Plaintiff's alternative request for an extension of time. The Court relied upon the fact that Plaintiff did not serve Defendants after the incompletion of service was brought to light. The problem with this reasoning is that had Plaintiff attempted to complete service without permission from the Court, the service still would have been defective as it was clearly beyond the 120-day time limit. This was the entire premise behind filing the extension request promptly with the court in the first place.

In summary, it is respectfully submitted that the District Court failed to apply the correct legal standards and abused its discretion by not recognizing Defendants' parallel responsibility for the defective service and their differentiated due process rights, and denying Plaintiff's motion for an extension of time.

## ARGUMENT

### I.  THE DISTRICT COURT DID NOT APPLY *ZANKEL* CORRECTLY.

The standard of review is for an abuse of discretion. *See Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir. 2002). Fed. R. Civ. P. 4(i)(l) mandates service of a copy of the summons and complaint, by personal or certified mail delivery, on both the U.S. Attorney for the district where the action is brought and the Attorney General of the United States at Washington, D.C. Where good cause

warranting an extension of time for effecting service is lacking, but a dismissal without prejudice in combination with the statute of limitations would result in a *de facto* dismissal with prejudice, this Court has declared that the lower court must weigh the impact that a dismissal or extension would have on the parties. *Zapata v. City of New York,* 502 F.3d 192, 198 (2d Cir. 2007).

Fed. R. Civ. P. 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time for which service may be effected. Since the 1993 amendments to the Federal Rules of Civil Procedure, courts have frequently enlarged the 120-day period for filing "even if there is no good cause shown." *Henderson v. U.S.,* 517 U.S. 654, 662-63 (1996). In the absence of good cause, this Court has previously applied a four-factor test concerning the exception for dismissal for procedural defects under Fed. R. Civ. P. 4(i)(l)[1]. As promulgated in *Zankel,* the test accords:

> "If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed, then the courts should not construe the rule so rigidly as to deny plaintiffs relief from dismissal because of a technical defect in service."

---

[1] Formerly Fed. R. Civ. P. 4(d)(4).

Several circuits have also held that Rule 4 requirements should not be construed so narrowly or rigidly as to prevent relief from dismissal in every case in which a plaintiff's method of service suffers from a "technical defect." *Zankel* at 436.

In this case, the District Court found that Plaintiff satisfied elements (1) and (4). However, in determining that Plaintiff had not satisfied elements (2) and (3), the Court failed to consider two factors: (1) the Government's responsibility for causing the defect in service; and (2) the absence of any prejudice presented by Defendants.

**A. EVEN IF PLAINTIFF CANNOT SATISFY THE JUSTIFIABLE EXCUSE ELEMENT, THE GOVERNMENT ALSO BEARS SUBSTANTIAL RESPONSIBILITY FOR CAUSING THE DEFECT IN SERVICE.**

Although this Court has expressed that the government has no obligation to move for dismissal within the limitations, failure to do so makes its reliance on plaintiffs' lack of justifiable excuse less compelling. *Id.* at 438. *See also Vance v. United States,* F.R.D. 14, 15 n.1 (E.D.N.Y. 1989) holding "[i]t is reprehensible for the United States Attorney to wait until after the 120 days for service under Rule 4[m] to have expired along with the statute of limitations prior to making this motion to set aside the service as insufficient."

In *Zankel*, the plaintiff brought suit under the Federal Tort Claims Act against the United States. Although he correctly served the U.S. Attorney's Office, he failed to serve the Attorney General's Office in D.C. The defendant moved to

dismiss the complaint, raising lack of jurisdiction and improper service of process as affirmative defenses. The basis of improper service was not fully articulated in the government's filing. Months later, at a status conference, the defendant finally advised Plaintiff that the alleged service defect was the failure to serve the Attorney General as required by the Rule. Three months later, the District Court dismissed the case for improper service.

In applying the *Zankel* test, this Court found that because the plaintiff had effected partial service, the defect was merely technical. *Id.* at 436-437. Finding that the only factor the plaintiff could not fulfill-the requisite justifiable excuse, the Court allocated responsibility between the parties for the defect in service. The Court found that the lack of a justifiable excuse was mitigated by the government's unexplained, and possibly intentional, conduct of waiting to advise the plaintiff of the nature of the service defect until both the 120-day filing period and the statute of limitations expired before filing its motion to dismiss.

In *McGregor*, 933 F.2d 156 (2d Cir. 1991), the plaintiff served his FTCA complaint and summons on the U.S. Attorney's Office, but not the U.S. Attorney General's Office. The defendant raised an insufficiency of service of process defense, successfully moving for dismissal. On appeal, the plaintiff argued that because the three other factors were met, the government's contribution to the delay deemed a justifiable excuse unnecessary. This Court responded "lack of

justifiable excuse does not absolutely preclude relief from dismissal if there is evidence that the government also bears substantial responsibility for causing the defect in service." *Id.* at 161. Essentially, *McGregor* and *Zankel* propose that the reasonableness of plaintiff's steps to cure a defect must be viewed in the light of the defendant's conduct.

Here, Plaintiff's counsel mailed a copy of the summons to the U.S. Attorney's Office for the Western District of New York and the U.S. Attorney General's Office in Washington D.C. However, Plaintiff's counsel mailed the summons and complaints via standard priority mail as opposed to certified or registered mail. Plaintiff's counsel filed affidavits of service, affirming the copies were in fact mailed. J.A. at 128, 130. Defendants' did not notify Plaintiff's attorney of the improper service until after Plaintiff's attorney emailed the U.S. Attorney's Office, inquiring about his client's Answer. The first notice Plaintiff received of Defendants' defense of improper service was eleven months after he filed his original complaint. Because the complaint was filed just days before the statute of limitations expired, the claims are now time barred. Had Plaintiff been aware of the service defects, he would have remedied the problem within the 120-day time allotment, saving the suit from permanent dismissal. Although the justifiable excuse factor was deemed unmet, the District Court did not address whether the government contributed to the defect in service. This is the gravamen

of this appeal: the third *Zankel* factor does not have to be met when the government substantially contributes to the defect in service.

## B. THE DISTRICT COURT FAILED TO CONSIDER THE FACT THAT DEFENDANTS MADE NO PRESENTATION OF PREJUDICE.

*Zankel* held that no prejudice manifested where the government fully participated in pretrial proceedings. *Id.* at 437; *see also Basovitch v. U.S.,* 1991 WL 148501 (E.D.N.Y. 1991) (Government was not prejudiced for improper service because it fully participated in all pretrial proceedings, including oral argument). Additionally, the fact that a claim is time barred affords special weight when determining prejudice.

Much of the law concerning prejudice to the government comes from motion to withdraw plea cases. *See* Fed. R. Cr. P. 11(d)(2)(B); *U.S. v. Schmidt,* 373 F.3d 100, 102 (2d Cir. 2004). Although not directly on point in this civil matter, the underlying principles of prejudice to the government in criminal proceedings are highly relevant here. Common prejudicial factors include: physical evidence having been discarded; death of a chief government witness; logistical issues of pulling witnesses from out of state; a hindered prosecution strategy months or years in the making. Like a withdrawal of a guilty plea, some degree of prejudice to the government, small as it may be, is inevitable. *U.S. v. Carr,* 80 F.3d 413, 420

15

(10th Cir. 1996). But as this Court held in *Zankel,* when "the equities weigh heavily in favor of plaintiff," the claims should not be dismissed. *Id.* at 436.

The U.S. Government is supported by substantial resources and funding. No private citizen has the power that the government wields. Especially not a naturalized U.S. Citizen of Mexican descent who works in a migrant farm worker housing complex who could not find a lawyer to take his case to court until a few days before the statute of limitations expired on his causes of action. J.A. at 6. Furthermore, all of the Border Patrol Agents who were on scene in this case are still employed by CBP (and have been served individually and properly). J.A. at 63, 65, 68. In other words, the government's key witnesses are employees of the government even today. It is difficult to understand how the government could be prejudiced when these individuals can be contacted easily and are still on the payroll. Plaintiff on the other hand suffers "extreme prejudice" as the claims are now time barred.

*Zankel* says that where the necessary parties have actual notice of the suit, suffer no prejudice from a technical defect in service, courts should not so rigidly construe as to prevent relief from dismissal, especially where dismissal signals demise of all or some of the Plaintiff's claims. *Id.* at 436. In the case at hand, the necessary parties in the U.S. government, namely the U.S. Attorney, U.S. Border Patrol Agents (who were properly served) have actual notice of the Plaintiff's

action. The defect in service is merely technical and the Defendant has not alleged that it suffered any prejudice as a result of the technical defect in service. A technical defect that has neither prevented the United States from obtaining actual notice of the suit nor prejudiced the United States in maintaining a defense on the merits in any way.

Here, the Government defendants claim that they will be prejudiced by having to carry on with this claim because it has been four years since the incident occurred.  J.A. at 139-140.  However, there has been no mention in the pleadings that any evidence has been lost or any defense strategies have been hindered. The government did not demonstrate any real prejudice other than the fact of having to proceed with a lawsuit by an injured citizen. Further still, this lack of prejudice is coupled with the fact that actual notice has been present since April of 2013, not to mention that a proper notice of claim has been filed within the prescribed time frame and was denied by the Government on October 15, 2012.  J.A. at 8.

The *Zankel* factors prevent withholding justice due to a technical defect. If failing to serve two parties—out of the numerous parties that were properly served—by certified mail rather than first class mail is not a "technical defect," it is hard to determine what would be. Here, there is no claim that the government will be unable to appear or adequately defend itself as a result of the defect in service and the lower court did not take these factors into consideration.

## **<u>CONCLUSION</u>**

No interest of justice is served by the dismissal of Plaintiff's action.

Accordingly, for the above stated reasons, the order of the court below dismissing

Plaintiff's action, which is now time-barred, should be reversed.

## **CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)**

1.    This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) excluding the parts of the brief exempted by Fed. R. App. P.

32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

3.    Plaintiff-Appellant certifies that this Brief does not exceed 30 pages or

14,000 words.

4.    Plaintiff-Appellant certifies that this Brief has been scanned for viruses and

no virus was detected.

## CERTIFICATE OF SERVICE

I, Jose Perez, hereby certify that I am a resident of or employed in the County of Onondaga, over 18 years of age, not a party to this action and that I am employed at and my business address is:

120 East Washington Street, Suite 925
Syracuse, New York 13202

On November 19, 2014, I served copies of the ***PLAINTIFF-APPELLANT'S APPELLATE BRIEF AND ADDENDUM*** on the following persons, by the method(s) indicated:

**Joseph J. Karaszewski, Assistant United States Attorney**
United States Department of Justice
United States Attorney Office for the Western District of New York
138 Delaware Ave
Buffalo, NY 14202 joseph.j.karaszewski@usdoj.gov
(via ECF and Priority US Mail)

**Michael S. Cerrone, Assistant United States Attorney**
United States Department of Justice
United States Attorney Office for the Western District of New York
138 Delaware Ave
Buffalo, NY 14202
michael.cerrone@usdoj.gov
(via ECF and Priority US Mail)

I declare under penalty of perjury that the foregoing is true and correct. Executed in Syracuse, New York.

/s/ Jose Perez
_____
Jose Perez
Attorney for Plaintiff-Appellant

**<u>ADDENDUM</u>**

# **TABLE OF CONTENTS**

Fed. R. Civ. P. 4(i)……………………………………………………………23

Fed. R. Civ. P. 4(m)..……………………………………………………24

Federal Rules of Civil Procedure
TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS,
PLEADINGS, MOTIONS, AND ORDERS › Rule 4. Summons

Rule 4. Summons

…
 (i) Serving the United States and Its Agencies, Corporations, Officers, or
Employees.

(1) United States. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States
attorney for the district where the action is brought—or to an assistant United
States attorney or clerical employee whom the United States attorney designates in
a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at
the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of
the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United
States, send a copy of each by registered or certified mail to the agency or officer.

(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To
serve a United States agency or corporation, or a United States officer or employee
sued only in an official capacity, a party must serve the United States and also send
a copy of the summons and of the complaint by registered or certified mail to the
agency, corporation, officer, or employee.

(3) Officer or Employee Sued Individually. To serve a United States officer or
employee sued in an individual capacity for an act or omission occurring in
connection with duties performed on the United States' behalf (whether or not the
officer or employee is also sued in an official capacity), a party must serve the
United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) Extending Time. The court must allow a party a reasonable time to cure its
failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

…

(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).